ROBBINS GELLER RUDMAN
  &amp; DOWD LLP
DARREN J. ROBBINS (168593)
JONAH H. GOLDSTEIN (193777)
TRICIA L. MCCORMICK (199239)
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
jonahg@rgrdlaw.com
triciam@rgrdlaw.com

[Proposed] Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| BARRY R. LLOYD, Individually and on Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>  vs.<br><br>CVB FINANCIAL CORP., et al.,<br><br>                Defendants. | No. 2:10-cv-06256-MMM(PJWx)<br><br><u>CLASS ACTION</u><br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CARL ENGLUND'S MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL<br><br>DATE:    January 24, 2011<br>TIME:    10:00 a.m.<br>CTRM:  780<br>JUDGE:  Hon. Margaret M. Morrow |

583149_1

## I. PRELIMINARY STATEMENT

Presently pending before the Court are two securities class actions (the "Related Actions") brought on behalf of all those who purchased the common stock of CVB Financial Corporation ("CVB") between October 21, 2009 and August 9, 2010, inclusive (the "Class Period"). The Related Actions are as follows:

| CASE NAME | CASE NUMBER | DATE FILED |
|---|---|---|
| *Lloyd v. CVB Financial Corp., et al* | 2:10-cv-06256-MMM-PJW | August 23, 2010 |
| *Englund v. CVB Financial Corp., et al.* | 2:10-cv-006815-RGK-OP | September 14, 2010 |

The Related Actions allege violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. §78(j)(b) and 78(t)(a)) and Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5). Pursuant to the PSLRA, the Court must decide whether to consolidate the Related Actions prior to selecting a plaintiff to lead this litigation on behalf of the putative Class. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).

Carl Englund ("Englund") submits this memorandum of law in support of his motion for an order: (i) consolidating the Related Actions; (ii) appointing Englund as Lead Plaintiff; and (ii) approving Englund's selection of Robbins Geller Rudman & Dowd LLP ("RGRD") as Lead Counsel for the class. 15 U.S.C. §78u-4(a)(3)(B).[1]

This Motion is made on the grounds that the Related Actions both stem from the same actions and allege the same claims on behalf of the same class, and therefore, the Related Actions should be consolidated. In addition, Englund is the "most

---

[1] Local Rule 7-3 requires a conference of counsel previous to filing motions. Englund however, does not know if any other class member plans to move for appointment as lead plaintiff. Therefore, Englund respectfully requests that the conferral requirement of Local Rule 7-3 be waived.

- 1 -

583149_1

adequate plaintiff" as defined by the PSLRA.  *See generally In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002).  Englund has the largest financial interest and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  *See id.* at 729.[2]  Finally, Englund has selected counsel with the experience necessary to vigorously and efficiently prosecute this litigation on behalf of the class.  *See* Robbins Decl., Ex. C.

## II.     STATEMENT OF THE FACTS[3]

During the Class Period, defendants issued materially false and misleading statements regarding the Company's business and financial results and engaged in improper behavior that harmed CVB's investors by failing to disclose the extent of seriously delinquent commercial real estate loans and by failing to adequately and timely record losses for its impaired loans, causing its financial statements to be materially false.

As a result of defendants' false statements, CVB's stock traded at artificially inflated prices during the Class Period, reaching a high of $11.46 per share on April 22, 2010.  The top officers and directors of CVB benefited, as the Company's purportedly favorable financial results contributed to the compensation paid to the top officers.

The true facts, which were known by the defendants but concealed from the investing public during the Class Period, were as follows: (a) defendants failed to properly account for CVB's commercial real estate loans, failing to reflect impairment in the loans; (b) CVB had not adequately reserved for loan losses such that its

---

[2]     References to the "Robbins Decl." are to the exhibits attached to the accompanying Declaration of Darren J. Robbins in Support of Carl Englund's Motion for Consolidation of Related Actions, Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel, submitted concurrently herewith.

[3]     The Statement of Facts is derived from the allegations in the *Englund* action, filed September 14, 2010.

- 2 -

583149_1

1 financial statements were presented in violation of Generally Accepted Accounting
2 Principles; and (c) defendants failed to maintain proper internal controls related to
3 CVB's accounting for its loan loss reserves.

4     Then, on August 9, 2010, after the market closed, CVB filed its Form 10-Q
5 with the Securities and Exchange Commission (the "SEC") for the second quarter of
6 2010, revealing that on July 26, 2010, the Company had received a subpoena from the
7 SEC requesting information about the Company's loan underwriting guidelines and its
8 allowance for credit losses. The SEC was also seeking information about CVB's
9 methodology for grading loans and how it calculates provisions for loan losses. On
10 this news, CVB's stock fell $2.30 per share to close at $8.00 per share on August 10,
11 2010 - a one-day decline of over 22% and a 30% decline from the stock's Class Period
12 high.

13 **III.   ARGUMENT**

14     **A.   The Related Actions Should Be Consolidated**

15     Consolidation pursuant to Rule 42(a) is proper when actions involve common
16 questions of law and fact. *Sw. Marine, Inc. v. Triple a Machine Shop, Inc.*, 720 F.
17 Supp. 805, 806 (N.D. Cal. 1989). This Court has broad discretion under Rule 42(a) to
18 consolidate cases pending within this District. *Investors Research Co. v. United*
19 *States Dist. Court for Cent. Dist.*, 877 F.2d 777 (9th Cir. 1989); *Steiner v. Aurora*
20 *Foods Inc.*, No. C 00-602 CW, 2000 U.S. Dist. LEXIS 20341, at *7 (N.D. Cal. Jun. 5,
21 2000).

22     Courts have recognized that class action shareholder suits are particularly well
23 suited to consolidation pursuant to Rule 42(a) because unification expedites pretrial
24 proceedings, reduces case duplication, avoids the need to contact parties and witnesses
25 for multiple proceedings and minimizes the expenditure of time and money for all
26 parties involved. *See In re Equity Funding Corp. of Am. Sec. Litig.*, 416 F. Supp. 161,
27 176 (C.D. Cal. 1976). Consolidating multi-shareholder class action suits simplifies
28 pretrial and discovery motions, class action issues and clerical and administrative

management duties. Consolidation also reduces the confusion and delay that may result from prosecuting related class action cases separately. *See id.*

The Related Actions pending before this Court present virtually identical factual and legal issues, alleging substantially the same violations of the Exchange Act against similar defendants. Because these Related Actions are based on the same facts and subject matter, relevant discovery will pertain to all lawsuits. Thus, consolidation is appropriate here.

**B.     The PSLRA Requires that the Question of Consolidation Be Decided Prior to the Determination of the Appointment of Lead Plaintiff**

The PSLRA provides, among other things, for consolidation of substantially similar actions. The PSLRA states, in pertinent part:

> If more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the court shall not make the determination [of appointment of lead plaintiff under §21D(a)(3)(B)] . . . until after the decision on the motion to consolidate is rendered.

15 U.S.C. §78u-4(a)(3)(B)(ii).

Thus, the PSLRA establishes a two-step process for resolving lead plaintiff and consolidation issues where more than one action on behalf of a class asserting substantially the same claims has been filed. The court "shall" first decide the consolidation issue. The court shall then decide the lead plaintiff issue "[a]s soon as practicable." *Id.*

Englund respectfully requests that the Court consider consolidation as soon as practicable and consolidate these Related Actions under the lowest case number. A prompt determination is reasonable and warranted under Rule 42(a), given the common questions of fact and law presented by the Related Actions now pending in this District. *See, e.g., Steiner, 2000 U.S. Dist. LEXIS 20341*, at *7.

- 4 -

583149_1

### C. Englund Is the "Most Adequate Plaintiff" and Should Be Appointed Lead Plaintiff

#### 1. The PSLRA's Lead Plaintiff Provisions

The PSLRA governs the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §§78u-4(a)(1) and (a)(3)(B)(i). First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i). Here, the first notice regarding the pendency of this action was published on *Globenewswire*, on August 23, 2010. *See* Robbins Decl., Ex. A. Within 60 days after publication of the notice, any person who is a member of the proposed class may seek to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §§78u-4(a)(3)(A) and (B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. §78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or group of persons that –
>
> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

- 5 -

583149_1

(cc) otherwise satisfies the requirements of Rule 23 of the
Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).

### 2. Englund Satisfies the "Lead Plaintiff" Requirements of the Exchange Act

#### a. Englund's Motion Is Timely

Englund has timely filed his motion, within 60 days of the August 23, 2010, publication of notice, and Englund has signed and filed a certification evidencing, among other things, his willingness to serve as a representative party on behalf of the class. *See* Robbins Decl., Ex. B. Accordingly, Englund has satisfied the individual requirements of 15 U.S.C. §78u-4(a)(3)(B) and is entitled to have his application for appointment as lead plaintiff considered by the Court.

#### b. Englund Has the Largest Financial Interest in the Relief Sought by the Class

During the Class Period, Englund purchased shares of CVB common stock and suffered losses in connection therewith. *See* Robbins Decl., Ex. B. To Englund's knowledge, he possesses the largest financial interest in the relief sought by the class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

#### c. Englund Satisfies the Requirements of Federal Rule of Civil Procedure 23

In addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

- 6 -

583149_1

>    (4) the representative parties will fairly and adequately protect the interests of the class.

*Id.*

While the PSLRA dictates that a lead plaintiff meet the requirements of Rule 23(a), "[a]t this stage of the litigation, 'nothing more than a preliminary showing is required' with respect to typicality and adequacy." *Apple v. LJ Int'l, Inc.*, No. CV 07-6076-GAF(JWJx) 2008 U.S. Dist. LEXIS 12618, at *16 (C.D. Cal. Feb. 8, 2008) (citation omitted). Consequently, in deciding a motion to serve as lead plaintiff, the court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *See Cavanaugh*, 306 F.3d at 730.

Rule 23(a)(3) requires that the claims or defenses of the representative parties are typical of those of the class. Typicality exists where the plaintiffs' claims arise from the same event or course of conduct and are based on the same legal theories as the claims of all the class members. *Takeda*, 67 F. Supp. 2d 1129, 1136-37. The questions of law and fact common to the members of the class which predominate over questions which may affect individual class members include, among others, the following:

- Whether defendants violated the Exchange Act;

- Whether defendants omitted and/or misrepresented material facts;

- Whether defendants' statements omitted material facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading; and

- Whether defendants knew or recklessly disregarded that their statements were false and misleading.

There is a well-defined community of interest in the questions of law and fact involved in this case, of which Englund is a part. Englund, in concert with the other members of the class, alleges that defendants violated the securities laws by publicly

- 7 -

583149_1

1  disseminating materially false and misleading statements, as well as statements which
2  omitted material facts, about CVB during the Class Period.  As a result of defendants'
3  fraudulent representations and omissions, Englund, as well as all other members of the
4  class, purchased CVB common stock at artificially inflated prices and were damaged
5  thereby.  Because the claims asserted by Englund are premised on the same legal and
6  remedial theories and are based on the same types of misrepresentations and
7  omissions as the class's claims, typicality is satisfied.  *See* 7 Herbert B. Newberg &
8  Alba Conte, *Newberg on Class Actions* §22.24, at 107-08 (4th ed. 2002) ("The
9  majority of class action decisions support the view that when it is alleged that the
10 same unlawful conduct was directed at or affected both the named plaintiff and the
11 class sought to be represented, the typicality requirement is met.").

12      Under Rule 23(a)(4), a representative party must also "fairly and adequately
13 protect the interests of the class."  *Id*.  A lead plaintiff is adequate when there exist
14 both "'common interests between the proposed lead plaintiffs and the class, and a
15 willingness on the part of the proposed lead plaintiff[s] to vigorously prosecute the
16 action.'"  *Ferrari v. Gisch*, 225 F.R.D. 599, 607 (C.D. Cal. 2004) ) (citation omitted)
17 (alteration in original).  Englund is an adequate representative.  As evidenced by his
18 injuries, Englund's interests are clearly aligned with the members of the class who
19 also suffered damages due to defendants' wrongdoing and there is no evidence of any
20 antagonism between Englund's interests and those of the other members of the class.
21 Moreover, Englund's losses motivate him to pursue this case with vigor and he has
22 retained competent and experienced counsel to assist in this process.

23     **D.    The Court Should Approve Englund's Selection of Counsel**

24      The PSLRA vests authority in the lead plaintiff to select and retain counsel to
25 represent the class, subject to court approval.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).  The
26 court should not disturb lead plaintiff's choice of counsel unless necessary to "protect
27 the interests of the class."  15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa).  Englund has
28 selected RGRD as lead counsel for the class.

- 8 -

583149_1

1   RGRD is actively engaged in complex litigation, emphasizing securities, consumer, and antitrust class actions. *See Cortese v. Radian Group, Inc.*, No. 07-3375, 2008 U.S. Dist. LEXIS 6958, at *18 (E.D. Pa. Jan. 30, 2008) ("'The firm is comprised of probably the most prominent securities class action attorneys in the country.'") (citation omitted); Robbins Decl., Ex. C. RGRD possesses extensive experience litigating securities class actions and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, including *In re Cardinal Health, Inc. Sec. Litig.*, 226 F.R.D. 298, 308 (S.D. Ohio 2005) ("the Court finds that [RGRD] will represent deftly the class's interests") and *In re Enron Corp.*, *Sec. Litig.*, 206 F.R.D. 427 (S.D. Tex. 2002). RGRD's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues. *See* Robbins Decl., Ex. C.

Thus, the Court may be assured that in the event this Motion is granted, the members of the class will receive the highest caliber of legal representation available from RGRD. *See Schriver v. Impac Mortgage Holdings, Inc.*, No. SACV 06-31-CJC(RNBx) 2006 U.S. Dist. LEXIS 40607, at *36 (C.D. Cal. May 1, 2006) ("There is no real dispute among the movants regarding [Firm's] qualifications to prosecute this action."); *Borochoff v. Glaxosmithkline PLC*, 246 F.R.D. 201, 205 (S.D.N.Y. 2007) (RGRD is "a firm which is well qualified and has successfully served as lead counsel or co-lead counsel in numerous complex securities class actions."). Accordingly, the Court should approve Englund's selection of counsel.

- 9 -

583149_1

## IV. CONCLUSION

For all the foregoing reasons, Englund respectfully requests that the Court: (i) consolidate the Related Actions, (ii) appoint him as Lead Plaintiff; and (ii) approve his selection of RGRD as Lead Counsel.

DATED: October 22, 2010

ROBBINS GELLER RUDMAN
 & DOWD LLP
DARREN J. ROBBINS
JONAH H. GOLDSTEIN
TRICIA L. McCORMICK

s/ DARREN J. ROBBINS
DARREN J. ROBBINS

655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)

[Proposed] Lead Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on October 22, 2010, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 22, 2010.

s/ DARREN J. ROBBINS
DARREN J. ROBBINS

ROBBINS GELLER RUDMAN
   & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:     darrenr@rgrdlaw.com

583149_1

# Mailing Information for a Case 2:10-cv-06256-MMM -PJW

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Michael D Braun**
  service@braunlawgroup.com,mdb@braunlawgroup.com

- **Lewis S Kahn**
  lewis.kahn@ksfcounsel.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`