BERNSTEIN LITOWITZ BERGER
   & GROSSMANN LLP
BLAIR A. NICHOLAS  (Bar No. 178428)
(blairn@blbglaw.com)
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:   (858) 793-0070
Fax:  (858) 793-0323
     -and-
GERALD H. SILK
(jerry@blbglaw.com)
AVI JOSEFSON
(avi@blbglaw.com)
1285 Avenue of the Americas
New York, NY 10019
Tel:  (212) 554-1400
Fax:  (212) 554-1444

*Counsel for the Jacksonville Police
& Fire Pension Fund and Proposed
Lead Counsel for the Class*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| BARRY R. LLOYD, Individually and on Behalf of All Others Similarly Situated,<br><br>         Plaintiff,<br><br>   v.<br><br>CVB FINANCIAL CORP., CHRISTOPHER D. MYERS, and EDWARD J. BIEBRICH JR.,<br><br>         Defendants. | Case No. 10-cv-06256-MMM (PJWx)<br><br>NOTICE OF MOTION, MOTION, AND MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE JACKSONVILLE POLICE & FIRE PENSION FUND FOR APPOINTMENT AS LEAD PLAINTIFF, APPROVAL OF ITS SELECTION OF LEAD COUNSEL, AND CONSOLIDATION OF RELATED ACTIONS<br><br>Date:      January 24, 2011<br>Time:     10:00 a.m.<br>Courtroom: 780<br>Judge:    Hon. Margaret M. Morrow |

(caption continued on subsequent page)

CARL ENGLUND, JR., Individually and on Behalf of All Others Similarly Situated,

              Plaintiff,

     v.

CVB FINANCIAL CORP., CHRISTOPHER D. MYERS, and EDWARD J. BIEBRICH JR.,

              Defendants.

Case No. 10-cv-06815-RGK (OPx)

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ............................................................................ ii

I.     PRELIMINARY STATEMENT ................................................................. 2

II.    STATEMENT OF FACTS ........................................................................ 3

III.   ARGUMENT........................................................................................... 4

    A.    The Jacksonville Police & Fire Pension
        Fund Should Be Appointed Lead Plaintiff ............................... 5

        1.    The Jacksonville Police & Fire
             Pension Fund Believes It Has The
             Largest Financial Interest In The
             Relief Sought........................................................... 5

        2.    The Jacksonville Police & Fire
             Pension Fund Otherwise Satisfies The
             Requirements Of Rule 23 ....................................... 6

    B.    The Court Should Approve The Jacksonville
        Police & Fire Pension Fund's Selection Of
        Lead Counsel ........................................................................ 8

    C.    All Related Actions Should Be Consolidated ...................... 10

IV.    CONCLUSION...................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Armour v. Network Assocs.*,
171 F. Supp. 2d 1044 (N.D. Cal. 2001)..................................................8

*Bowman v. Legato Sys.*,
195 F.R.D. 655 (N.D. Cal. 2000)..........................................................8

*In re Cavanaugh*,
306 F.3d 726 (9th Cir. 2002) ...............................................................5

*Erikson v. Cornerstone Propane Partners LP*,
2003 WL 22232387 (N.D. Cal. Sept. 15, 2003).....................................7

*Ferrari v. Gisch*,
225 F.R.D. 599 (C.D. Cal. 2004).......................................................6, 7

*Takeda v. Turbodyne Techs., Inc.*,
67 F. Supp. 2d 1129 (C.D. Cal. 1999) ........................................5, 6, 7, 10

*Tanne v. Autobytel, Inc.*,
226 F.R.D. 659 (C.D. Cal. 2005)......................................................4, 5, 6, 7

*Yanek v. Staar Surgical Co.*,
2004 WL 5574358 (C.D. Cal. Dec. 15, 2004)....................................5, 7

STATUTES, RULES & REGULATIONS

15 U.S.C. § 78(j)(b) ..............................................................................2

15 U.S.C. § 78(t) ...................................................................................2

15 U.S.C. § 78u-4.........................................................................passim

17 C.F.R. § 240.10b-5...........................................................................2

Fed. R. Civ. P. 23 ........................................................................passim

Fed. R. Civ. P. 42(a)......................................................................1, 10

H.R. Conf. Rep. No. 104-369, 104th Cong. 1st Sess. (1995), reprinted in
1995 U.S.C.C.A.N. 679 ...................................................................8

## <u>NOTICE OF MOTION AND MOTION</u>

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that the Jacksonville Police & Fire Pension Fund will hereby move, on January 24, 2011, at 10:00 a.m., in Courtroom 780 of the United States Courthouse, 255 East Temple Street, Los Angeles, California 90012, for an order: (1) appointing the Jacksonville Police & Fire Pension Fund ("Jacksonville P&F") as Lead Plaintiff pursuant to 15 U.S.C. § 78u-4, *et seq*.; (2) approving its selection of Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") as Lead Counsel for the Class; and (3) consolidating all related actions.

This Motion is made on the grounds that Jacksonville P&F timely filed this Motion, and is the "most adequate plaintiff" by virtue of possessing the largest financial interest in the relief sought by the Class.  Jacksonville P&F also meets the requirements of Rule 23 of the Federal Rules of Civil Procedure because its claims are typical of the claims of the other class members, and Jacksonville P&F will fairly and adequately represent the Class.

Further, Jacksonville P&F seeks this Court's approval of its selection of Bernstein Litowitz—an experienced and leading securities class action law firm that has successfully prosecuted securities class actions before this Court and around the country—to serve as Lead Counsel for the Class, pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

Last, Jacksonville P&F seeks consolidation of the related securities class actions pending before this Court pursuant to Fed. R. Civ. P. 42(a).

## **MEMORANDUM OF POINTS AND AUTHORITIES**

The Jacksonville Police & Fire Pension Fund ("Jacksonville P&F") respectfully submits this memorandum in support of its motion: (1) to be appointed as Lead Plaintiff, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); (2) for approval of its selection of the law firm of Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") as Lead Counsel for the Class; and (3) for consolidation of all related actions.

## I.   PRELIMINARY STATEMENT

Currently pending in this District are two related class actions ("the Actions") brought on behalf of all persons who purchased common stock of CVB Financial Corp. ("CVB" or the "Company"), between October 21, 2009, and August 9, 2010 (the "Class Period").  The Actions allege violations of Sections 10(b) and 20(a) of the Exchange Act as amended by the PSLRA (15 U.S.C. §§ 78(j)(b) and 78(t)), and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5), against CVB and certain of its executive officers.  The first of the Actions was filed on August 23, 2010 by Barry R. Lloyd, and notice of the pendency of the action was published to investors on the same day, which provided a deadline to seek Lead Plaintiff status by October 22, 2010.[1]

Pursuant to the PSLRA, this Court must appoint the "most adequate plaintiff" to serve as Lead Plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(i).  In that regard, the Court is required to determine which movant has the "largest financial interest" in the relief sought by the Class in this litigation and also makes a *prima facie*

---

[1]  A copy of Mr. Lloyd's notice is attached as Exhibit A and a copy of Mr. Lloyd's subsequent notice is attached as Exhibit B to the Declaration of Blair A. Nicholas in Support of the Motion of Jacksonville P&F for Appointment as Lead Plaintiff, Approval of Its Selection of Lead Counsel, and Consolidation of Related Actions (herein, the "Nicholas Decl.").

showing that it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  For the reasons set forth below, Jacksonville P&F believes it is the "most adequate plaintiff" by virtue of its substantial investment in CVB common stock.  Specifically, Jacksonville P&F incurred losses totaling nearly $157,940 in connection with its purchases of CVB common stock during the Class Period.[2]  Jacksonville P&F further satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure as its claims are typical of the other class members and it will fairly and adequately represent the Class.

Indeed, Jacksonville P&F is a paradigmatic Lead Plaintiff under the PSLRA as it has extensive experience serving as a fiduciary, and conducting and supervising counsel in complex securities litigation.  Further, Jacksonville P&F fully understands the Court-appointed Lead Plaintiff's duties to the Class under the PSLRA, and is willing and able to undertake the responsibilities entailed in acting as Lead Plaintiff to ensure vigorous prosecution of this action.  Jacksonville P&F has selected Bernstein Litowitz, a law firm with substantial experience in prosecuting securities class actions, to serve as Lead Counsel for the Class.  Accordingly, Jacksonville P&F respectfully requests that the Court appoint it as Lead Plaintiff and otherwise grant its motion.

## II.   STATEMENT OF FACTS

CVB operates as a bank holding company for Citizens Business Bank, a California-based lender with almost $7 billion in assets that provides various retail banking and financial services to small and mid-sized businesses primarily located in the Inland Empire, Los Angeles County, Orange County, and Central Valley regions.  The critical aspect of CVB's business model, and investors' primary

---

[2] Jacksonville P&F's PSLRA-required Certification is attached as Exhibit C to the Nicholas Decl.  In addition, charts setting forth calculations of Jacksonville P&F's losses are attached as Exhibit D to the Nicholas Decl.

1   concern, was the Company's ability to manage and properly value its loans.

2   Throughout the Class Period, CVB continuously misrepresented to investors

3   the quality of its loan portfolio while announcing several quarters of "record"

4   earnings.  Specifically, the Company maintained that its credit quality remained

5   "sound," and touted its ability to grow and prosper during a challenging economic

6   environment due to a deleveraging strategy, and management's acquisition of San

7   Joaquin Bank, a failed California-based lender.  At the same time, CVB falsely

8   reassured investors of its competent management, strong internal systems and

9   controls over financial reporting, and stressed that its financial statements were

10  prepared in accordance with Generally Accepted Accounting Principles

11  ("GAAP").

12  Contrary to CVB's positive public statements regarding its strength and

13  profitability, the Company shocked investors when it disclosed on August 9, 2010,

14  that it was subject to an investigation by the Securities and Exchange Commission

15  ("SEC") concerning possible accounting violations regarding how the Company

16  accounted for its troubled loans under GAAP.  Investors reacted immediately to the

17  disclosure and caused CVB's stock to plunge 22% in a single day.

18  The SEC investigation illustrates that the Company's apparent success was

19  not based upon a strong business model, strict internal controls, or visionary

20  management.  Instead, CVB and its executives artificially inflated the Company's

21  financial results by allegedly engaging in deceptive accounting practices when

22  accounting for CVB's impaired loans.  Significantly, on July 26, 2010, when the

23  Company received the SEC subpoena, its Chief Financial Officer of twelve years

24  resigned.

25  III.   ARGUMENT

26  The PSLRA governs the selection of the Lead Plaintiff in class actions

27  brought under the federal securities laws.  *See* 15 U.S.C. § 78u-4; *see also Tanne v.*

28  *Autobytel, Inc.*, 226 F.R.D. 659, 664-65 (C.D. Cal. 2005).  Under the PSLRA, any

1  member of the class may move for appointment as Lead Plaintiff within 60 days of

2  the publication of notice that the first action asserting substantially the same claims

3  has been filed.  *See* 15 U.S.C. § 78u-4(a)(3)(A).  Jacksonville P&F satisfied this

4  deadline by making this Motion as this Motion was made within 60 days of the

5  first filed notice and subsequent notice of pendency of the action.

6       A.    The Jacksonville Police & Fire Pension
7            <u>Fund Should Be Appointed Lead Plaintiff</u>

8      Jacksonville P&F respectfully submits that it should be appointed Lead

9  Plaintiff because it is the movant "most capable of adequately representing the

10  interests of class members."  15 U.S.C. § 78u-4(a)(3)(B).  In selecting a Lead

11  Plaintiff, the PSLRA establishes a presumption that the "most adequate plaintiff" is

12  the movant that "has the largest financial interest in the relief sought by the class"

13  and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil

14  Procedure."  *Autobytel*, 226 F.R.D. at 664; *In re Cavanaugh*, 306 F.3d 726, 730

15  (9th Cir. 2002) ("[T]he district court must compare the financial stakes of the

16  various plaintiffs and determine which one has the most to gain from the

17  lawsuit."); *Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1134 (C.D. Cal.

18  1999).

19         1.    The Jacksonville Police & Fire
              Pension Fund Believes It Has The Largest
20                <u>Financial Interest In The Relief Sought</u>

21      Jacksonville P&F should be appointed Lead Plaintiff because it believes it

22  has the largest financial interest in the relief sought by the Class.  15 U.S.C. § 78u-

23  4(a)(3)(B)(iii); *see also Cavanaugh*, 306 F.3d at 730; *Yanek v. Staar Surgical Co.*,

24  Nos. CV 04-8007 SJO (CWx), CV 04-8263 SJO (CWx), CV 04-8613 SJO (CWx),

25  2004 WL 5574358, at *4 (C.D. Cal. Dec. 15, 2004); *Takeda,* 67 F. Supp. 2d at

26  1134.  As demonstrated herein, Jacksonville P&F sustained losses of

27  approximately $157,940 in its transactions in CVB common stock.  *See* Nicholas

28  Decl. at Exhibits C and D.  To the best of Jacksonville P&F's knowledge, there are

1   no other applicants who have sought, or are seeking, appointment as Lead Plaintiff
2   that have a larger financial interest arising from transactions in CVB common
3   stock. Accordingly, Jacksonville P&F has the largest financial interest of any
4   qualified movant seeking appointment as Lead Plaintiff.

5                    2.     The Jacksonville Police &
                            Fire Pension Fund Otherwise
6                            Satisfies The Requirements Of Rule 23

7           In addition to possessing the largest financial interest in the outcome of the
8    litigation, Jacksonville P&F also satisfies the requirements of Rule 23 of the
9    Federal Rules of Civil Procedure. On a motion to serve as Lead Plaintiff, the
10   movant must only make a preliminary showing that it satisfies the typicality and
11   adequacy requirements of Federal Rule of Civil Procedure 23. *See Autobytel*, 226
12   F.R.D. at 666; *Takeda,* 67 F. Supp. 2d at 1136 ("A wide-ranging analysis under
13   Rule 23 is not appropriate [at the initial stage of the litigation] and should be left
14   for consideration on a motion for class certification . . . There is no need to require
15   anything more than a preliminary showing at this stage.") (citations omitted).
16   Here, Jacksonville P&F unquestionably satisfies both requirements.

17          Jacksonville P&F's claims are typical of the claims of other purchasers of
18   CVB common stock. Under the typicality test, "representative claims are 'typical'
19   if they are reasonably co-extensive with those of absent class members; they need
20   not be substantially identical." *Autobytel*, 226 F.R.D. at 666-67 (C.D. Cal. 2005)
21   citing to *Takeda*, 67 F. Supp. 2d at 1136; *Ferrari v. Gisch*, 225 F.R.D. 599, 606
22   (C.D. Cal. 2004) (citation omitted). When considering whether a plaintiff has
23   satisfied the typicality requirement, courts consider whether the movant's
24   individual circumstances or legal theory upon which the claims are based are
25   "markedly different" from the other class members. *Autobytel,* 226 F.R.D. at 666-
26   67; *Gisch*, 225 F.R.D. at 606 (citation omitted); *Takeda*, 67 F. Supp. 2d at 1136-37.
27   Jacksonville P&F's individual circumstances and legal claims in this action are
28   substantially identical to the individual circumstances and legal claims of the other

1   class members.   Like all other class members, Jacksonville P&F (1) purchased
2   CVB common stock during the Class Period; (2) at prices artificially inflated by
3   defendants' materially false and misleading statements and/or omissions; and (3)
4   was damaged thereby.   *See Autobytel*, 226 F.R.D. at 667; *Yanek*, 2004 WL
5   5574358, at *6 (holding that movants' claims were typical because like all class
6   members, plaintiffs were harmed when defendants allegedly publicly disseminated
7   a series of false and misleading statements concerning business prospects.).
8   Accordingly, Jacksonville P&F is a typical class representative.

9        Jacksonville P&F likewise satisfies the adequacy requirement of Rule 23.
10   Under Fed. R. Civ. P. 23(a)(4), the representative party must "fairly and adequately
11   protect the interests" of all class members.   *Autobytel*, 226 F.R.D. at 668; *Gisch*,
12   225 F.R.D. at 607; *Erikson v. Cornerstone Propane Partners LP*, Nos. C 03-2552
13   MHP, C 03-3566 MHP, 2003 WL 22232387, at *3 (N.D. Cal. Sept. 15, 2003);
14   *Takeda*, 67 F. Supp. 2d at 1137.   Representation is "adequate" when the Lead
15   Plaintiff's interests are "not antagonistic to the interests of absent class members,"
16   the action is unlikely to be collusive, class counsel is competent, and the class
17   representative is willing to "vigorously prosecute" the case.   *Autobytel*, 226 F.R.D
18   at 667 (citations omitted); *Gisch*, 225 F.R.D. at 607 (citations omitted); *Takeda* 67
19   F. Supp. 2d at 1137 (citations omitted).   Jacksonville P&F satisfies these elements
20   because its interests are perfectly aligned with those of the other class members
21   and are not antagonistic in any way.   There are no facts to suggest any actual or
22   potential conflict of interest or other antagonism between Jacksonville P&F and
23   other class members.   Jacksonville P&F submitted Certifications affirming its
24   understanding of the duties owed to class members through its commitment to
25   oversee the prosecution of this class action.   *See* Nicholas Decl. at Exhibit C.   This
26   evidence illustrates that Jacksonville P&F accepts the fiduciary obligations it will
27   assume if appointed Lead Plaintiff in this action.   *Id*.

28

Further, Jacksonville P&F is the very sort of Lead Plaintiff envisioned by Congress in its enactment of the PSLRA – a sophisticated institutional investor with a real financial interest in the litigation. *See* H.R. Conf. Rep. No. 104-369, at 34, 104th Cong. 1st Sess. (1995), *reprinted* in 1995 U.S.C.C.A.N. 679, 690 (explaining that "increasing the role of institutional investors in class actions will ultimately benefit the class and assist the courts by improving the quality of representation in securities class actions"); *see also Armour v. Network Assocs.*, 171 F. Supp. 2d 1044, 1051 (N.D. Cal. 2001) (*citing Bowman v. Legato Sys.*, 195 F.R.D. 655, 657 (N.D. Cal. 2000)) ("As an institutional investor with a large financial stake in the outcome of this litigation, [Jacksonville P&F] 'is exactly the type of lead plaintiff envisioned by Congress when it instituted the lead plaintiff requirements.'"). Additionally, Jacksonville P&F has experience supervising counsel in complex litigation and has successfully served as Lead Plaintiff in several instances. *See Wyatt, et al. v. El Paso Corporation, et al.*, 02-cv-02717 (S.D. Tex.) ($285 million settlement); *In re Nextcard, Inc. Securities Litigation*, 01-cv-21029-JF (N.D. Cal.) ($23.8 million settlement).

Finally, Jacksonville P&F has demonstrated its adequacy through the selection of Bernstein Litowitz to represent the Class.  As discussed more fully below, Bernstein Litowitz is highly qualified and experienced in the area of securities class action litigation and has repeatedly demonstrated an ability to conduct complex securities class action litigation effectively.

B.     The Court Should Approve
       The Jacksonville Police & Fire
       Pension Fund's Selection Of Lead Counsel

The Court should approve Jacksonville P&F's choice of Bernstein Litowitz to serve as Lead Counsel.  Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), a movant shall, subject to Court approval, select and retain counsel to represent the class they seek to represent, and the Court should not disturb Lead Plaintiff's choice of counsel unless it is necessary to "protect the interests of the class."  15 U.S.C.

§ 78u-4(a)(3)(B)(iii)(II)(aa).  Jacksonville P&F has retained Bernstein Litowitz as proposed lead counsel.

Bernstein Litowitz is one of the preeminent securities class action law firms in the country, having been appointed sole or co-lead counsel in numerous complex securities class actions in this District and around the country.  *See, e.g.*, Bernstein Litowitz's Firm Biography attached as Exhibit E to the Nicholas Decl.

Bernstein Litowitz served as co-lead counsel in *In re WorldCom, Inc. Securities Litigation* (S.D.N.Y.), in which settlements totaling in excess of $6 billion – one of the largest recoveries in securities class action history – were obtained for the class.  Bernstein Litowitz also served as co-lead counsel in *In re McKesson HBOC, Inc. Securities Litigation* (N.D. Cal.), in which Bernstein Litowitz helped obtain a $960 million settlement from the issuer defendant – the single largest settlement of any securities class action within the courts of the Ninth Circuit – and an additional $72 million from the defendant auditor and $10 million from the investment banking defendant.  Bernstein Litowitz is currently serving as lead counsel in the *Toyota* and *New Century* securities class actions in this District and, since the enactment of the PSLRA, Bernstein Litowitz has served as lead or co-lead counsel in numerous other successful securities class actions in federal district courts within the Ninth Circuit, including *In re International Rectifier Corp. Securities Litigation* (C.D. Cal.), *In re Gemstar-TV Guide International Securities Litigation* (C.D. Cal.), *In re Legato Systems Inc. Securities Litigation* (N.D. Cal.), and *In re Network Assocs. Securities Litigation* (N.D. Cal.).  Other recent cases in which Bernstein Litowitz has been recognized as an appropriate lead or co-lead counsel since the passage of the PSLRA include, for example, *In re Bank of America Securities Litigation* (S.D.N.Y.) and *In re Refco, Inc. Securities Litigation* (S.D.N.Y.). *See* Nicholas Decl. at Exhibit E.  Accordingly, the Court should approve Jacksonville P&F's selection of Bernstein Litowitz as Lead Counsel for the Class.

### C.     All Related Actions Should Be Consolidated

As discussed above, there are at least two related securities class actions pending in the Central District of California on behalf of investors who purchased CVB common stock.

| Abbreviated Case Name | Case Number | Date Filed |
|---|---|---|
| *Lloyd v. CVB Financial Corp., et al.* | 10-6256-MMM | 8/23/10 |
| *Englund v. CVB Financial Corp., et al.* | 10-6815-RGK | 9/14/10 |

Consolidation is appropriate where, as here, there are actions pending in the same court that involve common questions of fact or law.  Fed. R. Civ. P. 42(a). The pending Actions present virtually identical factual and legal issues, arising out of the same alleged course of misconduct—the purchase of CVB common stock at artificially inflated prices.   Accordingly, consolidation is appropriate "in the interest of judicial economy and to relieve the parties and absent class members of the burdens associated with participating in duplicative litigation." *Takeda*, 67 F. Supp. 2d at 1130.  Indeed, "[t]he PSLRA directs that cases should be consolidated where . . . there is 'more than one action on behalf of a class asserting substantially the same claim or claims.'" *Id*. at 1133 (*citing* to 15 U.S.C. § 78u-4(a)(3)(B)(ii)). Therefore, the Court should consolidate all related actions.

## IV.    CONCLUSION

As explained above, Jacksonville P&F is the "most adequate plaintiff" under the PSLRA.  Jacksonville P&F believes it has the "largest financial interest" arising out of the purchase of CVB common stock and satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure.  Accordingly,

1   Jacksonville P&F respectfully requests that the Court: (1) appoint Jacksonville

2   P&F as Lead Plaintiff; (2) approve its selection of Bernstein Litowitz to serve as

3   Lead Counsel for the Class; and (3) consolidate all related actions.

4   Dated: October 22, 2010                    Respectfully submitted,

5                                              BERNSTEIN LITOWITZ BERGER
                                                  & GROSSMANN LLP

6

7                                                   /s/ Blair A Nicholas
                                                   BLAIR A. NICHOLAS

8

9                                              BLAIR A. NICHOLAS
                                               (blairn@blbglaw.com)
10                                             12481 High Bluff Drive, Suite 300
                                               San Diego, CA 92130
                                               Tel:   (858) 793-0070
11                                             Fax:   (858) 793-0323
                                                      -and-
12                                             GERALD H. SILK
                                               (jerry@blbglaw.com)
13                                             AVI JOSEFSON
                                               (avi@blbglaw.com)
14                                             1285 Avenue of the Americas, 38th Floor
                                               New York, NY 10019
15                                             Tel:   (212) 554-1400
                                               Fax:   (212) 554-1444
16

17                                             *Counsel for the Jacksonville Police & Fire
                                               Pension Fund and Proposed Lead Counsel
18                                             for the Class*

19

20

21

22

23

24

25

26

27

28