
BERNSTEIN LITOWITZ BERGER
  & GROSSMANN LLP
BLAIR A. NICHOLAS  (Bar No. 178428)
(blairn@blbglaw.com)
TIMOTHY A. DeLANGE (Bar No.190768)
(timothyd@blbglaw.com)
NIKI L. MENDOZA  (Bar No. 214646)
(nikim@blbglaw.com)
JON F. WORM  (Bar No. 248260)
(jonw@blbglaw.com)
JOSEPH W. GOODMAN (Bar. No. 230161)
(joseph.goodman@blbglaw.com)
PAUL M. JONNA  (Bar No. 265389)
(paulj@blbglaw.com)
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:   (858) 793-0070
Fax:  (858) 793-0323
        -and-
GERALD H. SILK
(jerry@blbglaw.com)
AVI JOSEFSON
(avi@blbglaw.com)
1285 Avenue of the Americas
New York, NY 10019
Tel:   (212) 554-1400
Fax:  (212) 554-1444

*Counsel for Lead Plaintiff Jacksonville Police & Fire Pension Fund and Lead Counsel for the Class*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| BARRY R. LLOYD, Individually and on Behalf of All Others Similarly Situated,<br><br>           Plaintiff,<br><br>     v.<br><br>CVB FINANCIAL CORP., et al.,<br><br>           Defendants. | CASE NO. CV 10-06256 MMM (PJWx)<br><br>**LEAD PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE**<br><br>Date:       August 29, 2011<br>Time:      10:00 A.M.<br>Location: Courtroom 780<br>Judge:     Hon. Margaret M. Morrow |

Lead Plaintiff Jacksonville Police & Fire Pension Fund respectfully submits this opposition to Defendants' Request for Judicial Notice in Support of Motion to Dismiss (ECF No. 43-2), filed on May 13, 2011 ("Defs.' RJN").

## I. INTRODUCTION

Along with their motion to dismiss ("Defs.' Br."), Defendants ask the Court to take judicial notice of nearly 300 pages of materials, much of which was neither quoted nor referenced in the Complaint. The exhibits include excerpts of U.S. Securities and Exchange Commission ("SEC") filings, analyst reports, news reports, historical stock prices for CVB and other companies, an order from the Federal Deposit Insurance Corporation ("FDIC"), and accounting and reporting literature. Lead Plaintiff does not oppose judicial notice of many of these documents to the extent Defendants simply seek notice of the documents' existence or their contents. In some instances, however, Defendants seek judicial notice for improper purposes, including asking the Court to accept as true certain statements in several of the documents and asking the Court to draw inferences in Defendants' favor. Judicial notice for such purposes is improper. Additionally, certain documents are not suitable for judicial notice at all, and several have no relevance whatsoever to the sufficiency of the allegations in the Complaint. The Court should refuse to take judicial notice of these materials. Finally, in unprecedented requests, Defendants ask the Court to take judicial notice of the *absence* of certain facts, such as the "absence of any public criticism by the FDIC," and ask the Court to draw improper inferences based on these requests. Judicial notice of such matters is inappropriate, and Defendants present no argument or authority to support the requests.

## II. LEGAL STANDARD

In general, when considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a "court may not consider material outside of the pleading (*e.g.*, facts presented in briefs, affidavits, or discovery materials)." *Patel*

*v. Parnes*, 253 F.R.D. 531, 544 (C.D. Cal. 2008) (citing *In re Am. Cont'l Corp./Lincoln Sav. & Loan Sec. Litig.*, 102 F.3d 1524, 1537 (9th Cir. 1996)). There are only two limited exceptions to this rule. First, a court may consider documents attached to a complaint or documents referenced in the complaint when their authenticity is not questioned. *Id.*; *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). Second, a court may take judicial notice of matters to the extent permitted by Federal Rule of Evidence 201. *Lee*, 250 F.3d at 688-89; *Patel*, 253 F.R.D. at 544. Under Rule 201(b), a court may only take judicial notice of a fact that is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to resources whose accuracy cannot reasonably be questioned."

When a court takes judicial notice of a document, the scope of judicial notice extends only to the *existence* of the document and statements contained in the document. *Lee*, 250 F.3d at 689. As this court has explained, "[t]he truth of the content, and the inferences properly drawn from them, however, is not a proper subject of judicial notice under Rule 201." *Patel*, 253 F.R.D. at 546 (collecting cases).

### III.  ARGUMENT

#### A.  CVB's SEC Filings

Defendants request that the Court take judicial notice of various documents filed by CVB with the SEC. *See* Defs.' RJN, Exhibits A-R. Lead Plaintiff does not oppose judicial notice of the filings' existence and their contents.

Defendants, however, despite stating the contrary in their request (Defs.' RJN at 1 n.1), repeatedly reference certain filings in their motion to dismiss as support for the truth of certain factual contentions. For example, relying on statements in certain filings, Defendants repeatedly assert that Garrett made interest and principal payments and reduced "the loan balance from $85.2 million

to $82 million." Defs.' Br. at 6, 6 n.5, 10, & 14. Likewise, Defendants cite to a host of SEC filings and assert that CVB "was and remains a strong business." *Id.* at 4 & 4 n.2. Judicial notice of such "facts" is improper, particularly at this stage of proceedings where the focus is on the sufficiency of the allegations in the Complaint. *Lee*, 250 F.3d at 688-89 ("court may not take judicial notice of a fact 'subject to reasonable dispute'"); *Patel*, 253 F.R.D. at 546 (taking judicial notice of Forms 4 filed with SEC, but only as to fact of their filing and notice of their contents). Indeed, whether statements in CVB's public filings were false or misleading is central to the dispute in this matter.

### B. Analyst Reports And News Reports

Defendants ask the Court to take judicial notice of analyst reports and news reports, both those cited in the Complaint and additional reports. *See* Defs.' RJN, Exhibits S-Y & Z-AA. Lead Plaintiff does not oppose judicial notice of these materials for the fact that they were published and contain certain statements. Judicial notice for any other purpose would be improper. As this Court has stated, "analyst reports may not be judicially noticed for the truth of the matters contained therein." *Patel*, 253 F.R.D. at 548.

### C. Stock Prices And FDIC Failed Institution Forms

Next, Defendants request that the Court take judicial notice of historical stock prices for CVB and four purported "peer banks," as well as FDIC Failed Financial Institution forms for the "peer banks." *See* Defs.' RJN, Exhibits BB-JJ. Lead Plaintiff does not object to the Court taking judicial notice of the historical stock prices of CVB. *See Patel*, 253 F.R.D. at 547-48 (taking judicial notice of historical stock prices of defendant company). Lead Plaintiff objects, however, to the Court taking judicial notice of the stock prices for companies other than CVB (which may or may not qualify as "peers" of CVB) and the FDIC Failed Institution forms. Further, Lead Plaintiff requests that the Court strike these portions of

1  Defendants' request for judicial notice and refuse to consider the portions of
2  Defendants' motion to dismiss that rely on these materials.

3  Defendants present no argument as to why the Court may (or should) take
4  judicial notice of these non-CVB materials. *See* Defs.' RJN at 6-7 (stating only
5  that a "*defendant company's* stock prices on a particular date" are susceptible to
6  judicial notice (emphasis added)). Further, Defendants make no attempt to explain
7  how these extraneous materials have any relevance to the sufficiency of the
8  Complaint's allegations. It appears that the only purpose for the materials is to
9  interject factual assertions outside the four corners of the Complaint into the
10 analysis of the sufficiency of Lead Plaintiff's allegations and to present CVB in the
11 most positive light in comparison to the real estate market as a whole and to a
12 group of hand-picked banks. *See* Defs.' Br. at 4. As noted above, however,
13 judicial notice is a very narrow exception to the rule that materials outside of the
14 pleadings may not be considered at the motion to dismiss stage. This request is
15 similar to the defendants' request in *Patel* that the court take judicial notice of
16 news articles concerning the general housing market and other materials not
17 directly related to the defendant company. 253 F.R.D. at 549. This court declined
18 to take judicial notice of materials that did not "pertain directly" to the defendant
19 company and struck those portions of defendants' request for judicial notice. *Id.*
20 The same result should apply here with even more force given that Defendants
21 present the Court with no justification for their request.

22 **D.    FDIC's April 8, 2009 Order Regarding CVB**

23 Lead Plaintiff does not object to the Court taking judicial notice of the
24 FDIC's April 8, 2009 order regarding CVB for the fact that the order exists and
25 contains certain statements. *See* Defs.' RJN, Exhibit KK. Taking judicial notice
26 for any other purpose would be improper.

27
28

### E. Accounting Literature And Reporting Instructions

Defendants request that the Court take judicial notice of a Financial Accounting Standards Board ("FASB") publication, *Disclosures about the Credit Quality of Financing Receivables and the Allowance for Credit Losses*, FASB ASU 2010-20 ("FASB ASU 2010-20"). Lead Plaintiff does not object to the Court taking judicial notice of the existence of this publication and its contents. Defendants go further, however, asking the Court to take judicial notice of the truth of Defendants' assertion that FASB ASU 2010-20 "required that banks comply with expanded disclosure rules." Defs.' RJN at 7. Likewise, Defendants cite to this document in their motion to dismiss to support their factual assertions that the publication amounted to "a change in GAAP rules" and was the reason for "much of the expanded disclosure" in CVB's 2010 10-K. Defs.' Br. at 18-19. Lead Plaintiff disputes the effect of FASB ASU 2010-20 on CVB's disclosure obligations, and taking judicial notice of such disputed "facts" would be wholly improper, particularly at this stage where the Court must accept as true the Complaint's allegations. The contours of accounting guidelines, including financial disclosure requirements, and whether CVB complied with those requirements are questions of fact generally requiring expert testimony. As one court explained:

> Defendant's substantive argument that the transaction alleged to occur during the quarter ending March 31, 2001, complied with the relevant GAAP provisions, including specifically FAS 48, is not appropriate at this time. Not only does Defendant fail to identify any authority to that effect, Defendant again asks the Court to examine the merits of the complaint. *Whether Lantronix's accounting practices and Defendant's actions were consistent with GAAP is a question of fact, best resolved by expert testimony. Because the Court is required to*

-5-

LEAD PLAINTIFF'S OPPOSITION TO DEFS.' REQUEST FOR JUDICIAL NOTICE
Case No. 10-cv-06256-MMM (PJWx)

>   *credit the SEC's allegations as true, the Court may not make such a factual determination at this pleading stage.*

*SEC v. Cotton*, 2006 WL 6382128, *8 (C.D. Cal. Dec. 21, 2006) (emphasis added and citations omitted); *see also U.S. v. Turner*, 2007 WL 1367597, at *1 (W.D. Wash. May 8, 2007) ("expert testimony is generally required, or at least preferred, in order to prove the scope of Generally Accepted Accounting Principles ("GAAP") as well as whether particular practices do-or do not-qualify as GAAP"); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1421 (3d Cir. 1997) ("[I]t is a factual question whether [the defendant's] accounting practices were consistent with GAAP."); *SEC v. Caserta*, 75 F. Supp. 2d 79, 91 (E.D.N.Y. 1999) (GAAP violations are "a fact-specific issue" that frequently "turns on expert testimony."). Accordingly, judicial notice as to such disputed facts is impermissible under Rule 201.

Defendants also request that the Court take judicial notice of a publication by the Federal Financial Institutions Examination Council, *Instructions for Preparation of Consolidated Reports of Condition and Income*. Lead Plaintiff does not object to the Court taking judicial notice of this document, but only as to its existence and contents.

### F. Miscellaneous

Defendants request that the Court take judicial notice of the fact that CVB has not issued restated financials for the Class Period as evidence that it did not violate securities laws. *See* Defs.' Br. at 20. Defendants offer no argument or legal support for this request, and Lead Plaintiff has not located a single case taking judicial notice under these circumstances. Most obviously, whether CVB's financial statements were accurate during the class period is central to this case, and taking judicial notice with regard to a central dispute is improper under Rule 201. Moreover, the absence of a restatement does not insulate CVB from violations of the federal securities laws. *See, e.g.*, *In re LDK Solar Sec. Litig.*, 584

F. Supp. 2d 1230, 1245-46 (N.D. Cal. 2008) ("[T]he lack of a restatement did not mean that LDK only engaged in legitimate conduct."). The First Circuit has explained the perverse incentives such a rule would create:

> [T]he fact that the financial statements for the year in question were not restated does not end Aldridge's case when he has otherwise met the pleading requirements of the PSLRA. To hold otherwise would shift to accountants the responsibility that belongs to the courts. It would also allow officers and directors of corporations to exercise an unwarranted degree of control over whether they are sued, because they must agree to a restatement of the financial statements.

*Aldridge v. A.T. Cross Corp.*, 284 F.3d 72, 83 (1st Cir. 2002); *cf. In re Worlds of Wonder Sec. Litig.*, 35 F.3d 1407, 1422 (9th Cir. 1994) (reversing district court grant of summary judgment and rejecting rule that would permit auditor to negate liability under § 11 of the Securities Act if it could show that the company never admitted that its financials contained material errors; such a rule would "eviscerate the statute" because "[c]ompanies and their auditors could immunize themselves from § 11 liability for false and even fraudulent financial statements simply by refusing to admit their falsity"). Accordingly, Lead Plaintiff requests that the Court refuse to take judicial notice of the lack of a restatement, strike this portion of Defendants' request, and refuse to consider the portion of Defendants' motion to dismiss that relies upon this request. *See Patel*, 253 F.R.D. at 549 (rejecting request for judicial notice and granting request to strike portions of request for judicial notice).

Likewise, the Court should reject Defendants' request that the Court take judicial notice of the "absence of any public criticism by the FDIC of CVB's underwriting practices or the material accuracy of CVB's financial statements," which Defendants apparently cite as evidence tending to show (or raising the inference) that the FDIC gave "CVB's credit portfolio a clean bill of health." *See*

Defs.' Br. at 20-21. First, Defendants present no argument or legal support in support of their request, and Lead Plaintiff has not located a single case in which a court has taken judicial notice under similar circumstances. Second, the FDIC does not make its supervisory examination findings public, and institutions are prohibited from making any representations regarding the results of those examinations. In light of these prohibitions, reference to the lack of any "public criticism" is irrelevant at best and misleading at worst. Third, CVB's credit and disclosure practices are in dispute, making judicial notice improper under Rule 201. *Patel*, 253 F.R.D. at 546 ("The truth of the content, and the inferences properly drawn from them, however, is not a proper subject of judicial notice under Rule 201."). Fourth, for the same reasons discussed above with regard to the lack of a restatement, the lack of public criticism by a regulator – particularly one that makes neither the details nor findings of its supervisory examinations public – does not preclude liability under the federal securities laws. In sum, the Court should refuse to take judicial notice of the lack of public criticism from the FDIC, strike this portion of Defendants' request for judicial notice, and refuse to consider the portion of Defendants' motion to dismiss that relies on this request. *See Patel*, 253 F.R.D. at 549.

Finally, Lead Plaintiff does not object to the Court taking judicial notice that the FDIC Uniform Bank Performance Report for CVB is currently available at cdr.ffiec.gov/public/ManageFacsimiles.aspx.

Dated: July 19, 2011                    Respectfully submitted,

                                        BERNSTEIN LITOWITZ BERGER
                                           & GROSSMANN LLP


                                          */s/ Timothy A. DeLange*
                                        TIMOTHY A. DeLANGE

                                        BLAIR A. NICHOLAS  (Bar No. 178428)
                                        TIMOTHY A. DeLANGE (Bar No.190768)
                                        NIKI L. MENDOZA  (Bar No. 214646

JON F. WORM  (Bar No. 248260)
JOSEPH W. GOODMAN (Bar. No. 230161)
PAUL M. JONNA  (Bar No. 265389)
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:   (858) 793-0070
Fax:   (858) 793-0323
         -and-
GERALD H. SILK
AVI JOSEFSON
1285 Avenue of the Americas, 38th Floor
New York, NY 10019
Tel:   (212) 554-1400
Fax:   (212) 554-1444

*Counsel for Lead Plaintiff Jacksonville Police & Fire Pension Fund and Lead Counsel for the Class*