VICK LAW GROUP, APC
  Scott Vick (No. 171944)
  Jason T. Riddick (No. 235980)
  Rachelle S. Torres (No. 243392)
  Lital Gilboa (No. 263372)
800 West Sixth Street, Suite 1220
Los Angeles, California 90017
Telephone:  (213) 784-6225
Facsimile:   (213) 985-7155
E-Mail:   Scott@vicklawgroup.com
            Jason@vicklawgroup.com

WACHTELL, LIPTON, ROSEN & KATZ
  David M. Murphy (*pro hac vice*)
  Warren R. Stern (*pro hac vice*)
  Wayne M. Carlin (*pro hac vice*)
  Jeffrey D. Hoschander (*pro hac vice*)
51 West 52nd Street
New York, New York 10019
Telephone:  (212) 403-1000
Facsimile:   (212) 403-2000
E-Mail:   DMMurphy@wlrk.com
            JDHoschander@wlrk.com

Attorneys for Defendants
CVB FINANCIAL CORP., CHRISTOPHER D.
MYERS AND EDWARD J. BIEBRICH, JR.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| BARRY R. LLOYD, Individually and on Behalf of All Others Similarly Situated, | Case No. CV 10-06256 MMM (PJWx) |
| Plaintiff, | **DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT** |
| v. | |
| CVB FINANCIAL CORP., et al., | Date:        June 4, 2012 |
| Defendants. | Time:        10:00 a.m. |
| | Location:   Courtroom 780 |

1    Pursuant to Rule 201 of the Federal Rules of Evidence and in support of

2    their Motion to Dismiss the First Amended Consolidated Class Action Complaint

3    ("MTD FAC"), defendants CVB Financial Corp. ("CVB"), Christopher D. Myers,

4    and Edward J. Biebrich, Jr. respectfully request that the Court judicially notice the

5    following documents, a great number of which the Court already has taken judicial

6    notice of, attached hereto as Exhibits A through Z and AA through TT and

7    authenticated in the Declaration of Scott Vick filed concurrently herewith.  For the

8    Court's convenience, defendants have used the same exhibit designations for

9    exhibits A through Z and AA through JJ as were used in defendants' previous

10   request for judicial notice and the declaration of Scott Vick filed on May 13, 2011

11   (collectively "May 2011 request for judicial notice").   *See* Order Granting Motion

12   to Dismiss dated January 12, 2012 ("MTD Order") [Docket No. 59] at 22-31.

13   **I.     CVB'S SEC FILINGS**

14   Defendants request that the Court consider the existence and contents of the

15   following documents filed by CVB with the United States Securities and Exchange

16   Commission ("SEC"), certain relevant portions of which are attached hereto,[1]

17   under the judicial notice and/or "incorporation by reference" doctrines:

18
19
| **Exhibit** | **SEC Filing** | **FAC** |
|---|---|---|
| A | **Form 10-K – FY-2006**<br>filed March 1, 2007 | |
| B | **Form 10-K – FY-2007**<br>filed February 29, 2008 | |
| C | **Form 10-K – FY-2008**<br>filed February 27, 2009 | |
| D | **Form 10-K – FY-2009**<br>filed March 4, 2010 | ¶¶ 108, 110, 112, 114 |

26   */// /*

27   _____

28   [1]     Defendants request the Court take judicial notice of the existence of these
documents and their contents, but not the truth of any statement contained therein.

| **Exhibit** | **SEC Filing** | **FAC** |
| --- | --- | --- |
| E | **Form 10-K – FY-2010** filed March 1, 2011 | ¶ 86 |
| F | **Form 10-Q – Q2-2009** filed August 5, 2009 | |
| G | **Form 10-Q – Q3-2009** filed November 5, 2009 | ¶¶ 90, 92, 94-97 |
| H | **Form 10-Q – Q1-2010** filed May 10, 2010 | ¶¶ 120-121, 125-128, 215 |
| I | **Form 10-Q – Q2-2010** filed August 9, 2010 | |
| J | **Form 8-K – Q2-2009 Earnings Release** filed July 16, 2009 | |
| K | **Form 8-K – FY-2009 Earnings Release** filed January 26, 2010 | |
| L | **Form 8-K – Q1-2010 Earnings Release** filed April 23, 2010 | |
| M | **Form 8-K – Q3-2010 Press Release and Investor Presentation** filed September 10, 2010 | |
| N | **Form 8-K – Q3-2010 Earnings Release** filed October 22, 2010 | |
| O | **Form 8-K – FY-2010 Earnings Release** filed January 21, 2011 | |
| P | **Form 8-K Press Release** filed March 31, 2011 | |

*///*

| Exhibit | SEC Filing | FAC |
|---|---|---|
| Q | **Form 4**<br>**Myers Stock Sale**<br>filed October 13, 2009 | |
| R | **Form 4**<br>**Myers Stock Sale**<br>filed February 26, 2010 | |
| LL | **Form 8-K – Q1-2011**<br>**Press Release**<br>filed April 21, 2011 | |
| MM | **Form 8-K – Q2-2011**<br>**Press Release**<br>filed July 21, 2011 | |
| NN | **Form 8-K – Q3-2011**<br>**Press Release**<br>filed October 20, 2011 | |
| OO | **Form 8-K-FY-2011**<br>**Press Release**<br>filed January 19, 2012 | |
| PP | **Form 10-Q – Q2-2011**<br>filed August 9, 2011 | |
| QQ | **Form 10-K- FY-2011**<br>filed February 29, 2012 | |

In its order granting defendants' motion to dismiss plaintiffs' previous complaint, this Court recognized that it is proper for the Court to take judicial notice of SEC filings on a motion to dismiss.  MTD Order at 23-25.   In fact, courts regularly take judicial notice of and consider SEC filings when ruling on a motion to dismiss.  *See, e.g., Metzler Inv. GMBH* v. *Corinthian Colleges, Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (approving the taking of judicial notice of SEC filings); *In re Silicon Graphics Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999); *New York State Teachers' Ret. Sys.* v. *Fremont Gen. Corp.*, 2009 WL 3112574, at *1,

13 (C.D. Cal. Sept. 25, 2009); *Patel* v. *Parnes*, 253 F.R.D. 531, 544-45 (C.D. Cal. 2008); *In re Hansen Natural Corp. Sec. Litig.*, 527 F. Supp. 2d 1142, 1149 n.2 (C.D. Cal. 2007).

The First Amended Consolidated Class Action Complaint ("FAC") selectively quotes several of these filings in purporting to allege that defendants made statements that are materially false and misleading, but such excerpts are completely devoid of context.  Defendants request that the Court judicially notice these documents and/or consider them under the "incorporation by reference doctrine" in order to provide a more accurate and complete picture of the information that CVB disclosed to the market and when it did so.

Apart from taking judicial notice of all of these documents under Rule 201, the Court should also consider Exhibits D, E, G, and H under the incorporation by reference doctrine.  *See* MTD Order at 23-24.  "That doctrine permits a district court to consider documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading."  *In re Silicon Graphics Sec. Litig,*, 183 F.3d at 986 (internal quotation omitted).  Moreover, the Court has already taken judicial notice of Exhibits A through R.  MTD Order at 23-25.  Exhibits A through R were attached to defendants' May 2011 request for judicial notice with the same exhibit designations, and plaintiffs did not object to the consideration of these documents.  *See* MTD Order at 24 ("As plaintiffs do not object to consideration of the SEC filings, and a number of the SEC filings are referenced in the complaint, the court will consider CVB's Forms 10-K, 10-Q, and 8-K and Myers's Forms 4.").

## II.    ANALYST REPORTS

Defendants request that the Court take judicial notice of the existence and contents of the following CVB analyst reports and/or consider them under the "incorporation by reference" doctrine:

| Exhibit | Analyst Report | FAC |
|---------|----------------|-----|
| S | **Macquarie** dated January 25, 2010 | ¶ 115 |
| T | **FIG Partners** dated April 9, 2010 | |
| U | **Credit Suisse** dated August 10, 2010 | ¶ 178 |
| V | **Macquarie** dated August 10, 2010 | ¶ 176 |
| W | **FIG Partners** dated August 11, 2010 | ¶ 179 |
| X | **Credit Suisse** dated September 10, 2010 | ¶ 186 |
| Y | **Howe Barnes Hoefer & Arnett** dated September 13, 2010 | ¶ 187 |

In granting defendants' motion to dismiss plaintiffs' previous complaint, this Court stated that analyst reports are proper subjects of judicial notice to establish whether and when certain information was provided to the market.  MTD Order at 25 (citations omitted).  In addition, a number of the analyst reports are referenced in the FAC, and thus should be considered under the incorporation by reference doctrine.  *In re Silicon Graphics Sec. Litig.*, 183 F.3d at 986.  Indeed, in the MTD Order, this Court noted that it may consider the analyst reports under the incorporation by reference doctrine.  MTD Order at 25-26.

Furthermore, the Court has already taken judicial notice of all these analyst reports.  MTD Order at 25-26.  Exhibits S through Y were attached to defendants' May 2011 request for judicial notice with the same exhibit designations, and plaintiffs did not dispute the authenticity of the analyst reports attached thereto.  MTD Order at 26 ("Plaintiffs do not oppose this request.  Analyst reports are

1  proper subjects of judicial notice. . . .Moreover, a number of the analyst reports are

2  referenced in the complaint, and thus may be considered under the incorporation

3  by reference doctrine.  Consequently, the court grants defendants' request for

4  judicial notice of these documents.") (internal quotations and citations omitted).

5  ## III.   NEWS REPORTS

6  Defendants request that the Court take judicial notice of the existence and

7  contents of the following news reports:

8  | Exhibit | News Reports |

9   **Z**       Peter Eavis, *Bank's Bugbear: Commercial Real Estate*,
10             Wall St. J., June 29, 2009.

11  **AA**      Alistair Barr, *California Bank is Put to Test on*
12             *Commercial Real Estate*, Market Watch, Jan. 7, 2010.

13  In its order granting defendants' motion to dismiss plaintiff's previous

14  complaint, this Court held that "[t]aking judicial notice of news reports and press

15  releases is appropriate for the purpose of determining 'that the market was aware

16  of the information contained in news articles. . . .'"  MTD Order at 26 (quoting

17  *Heliotrope Gen., Inc.* v. *Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999).

18  In fact, courts routinely take judicial notice of news reports and press releases.  *See*

19  *Ritter* v. *Hughes Aircraft Co.*, 58 F.3d 454, 458-59 (9th Cir. 1995) (taking judicial

20  notice of information in news reports)); *see also Patel*, 253 F.R.D. at 548-50

21  (taking judicial notice of analyst reports and news articles pertaining to defendant

22  company); *In re Amgen Inc. Sec. Litig.*, 544 F. Supp. 2d 1009, 1023 (C.D. Cal.

23  2008) (taking judicial notice of analyst reports).  In fact, the Court has already

24  taken judicial notice of Exhibits Z and AA in its MTD Order.  MTD Order at 26.

25  ## IV.   STOCK PRICES

26  Defendants request that the Court take judicial notice of the historical stock

27  prices for CVB (January 1, 2008 through March 22, 2012) as well as various peer

28

---

banks that faced closure in 2008 and 2009, and are thus publicly listed as Failed Financial Institutions per the FDIC.  Such banks are: PFF Bank and Trust, Temecula Valley Bank, 1st Centennial Bank and Vineyard Bank.

| **Exhibit** | **Item** |
|---|---|
| **BB** | CVB stock prices (January 2, 2008 through March 22, 2012) obtained from Yahoo! Finance at http://finance.yahoo.com/q?s=cvbf&ql=1. |
| **CC** | PFF Bank and Trust historical stock prices (January 2, 2008 through May 12, 2011) obtained from Bloomberg Finance L.P. |
| **DD** | PFF Bank and Trust's Failed Financial Institution form obtained from the FDIC's website at http://www2.fdic.gov/drrip/cs/index.asp. |
| **EE** | 1st Centennial Bank historical stock prices (January 2, 2008 through May 11, 2011) obtained from Bloomberg Finance L.P. |
| **FF** | 1st Centennial Bank's Failed Financial Institution form obtained from the FDIC's website at http://www2.fdic.gov/drrip/cs/index.asp. |
| **GG** | Temecula Valley Bank historical stock prices (January 2, 2008 through March 15, 2011) obtained from Bloomberg Finance L.P. |
| **HH** | Temecula Valley Bank's Failed Financial Institution form obtained from the FDIC's website at http://www2.fdic.gov/drrip/cs/index.asp. |
| **II** | Vineyard Bank historical stock prices (January 2, 2008 through May 12, 2011) obtained from Bloomberg Finance L.P. |
| **JJ** | Vineyard Bank's Failed Financial Institution form obtained from the FDIC's website at http://www2.fdic.gov/drrip/cs/index.asp. |

///

///

A defendant company's stock prices on particular dates are a classic example of which a court may take judicial notice upon a motion to dismiss. *See, e.g.*, *Patel*, 253 F.R.D. at 547-48 (taking judicial notice of stock prices); *Metzler*, 540 F.3d at 1064 n.7 (approving the taking of judicial notice of stock price history). Such information is publicly available and "capable of accurate and ready determination." *Patel*, 253 F.R.D. at 547-48 (*citing* Fed. R. Evid. 201).

The Court has already taken judicial notice of the historical stock prices for all of these banks. MTD Order at 26-28 ("As plaintiffs do not oppose this aspect of the request, and CVB's historical stock prices are publicly available and 'capable of accurate and ready determination,' the court grants defendants' request for judicial notice of the stock prices. . . .Given that plaintiffs have alleged that the financial conditions of other Inland Empire banks formed part of defendants' allegedly misleading statements, the court can appropriately consider information concerning those banks' stock prices in evaluating whether plaintiffs have adequately alleged that defendants' comparative representations were false.") (citations omitted). With respect to CVB, an updated historical stock price is attached hereto as Exhibit BB. Exhibits CC through JJ are same as those attached to the defendants' May 2011 request for judicial notice.

## VI. SEC REPORTING RELEASE AND INTERAGENCY FAQS

Defendants request that the Court take judicial notice of the existence and contents of the following:

| Exhibit | Reporting Release | FAC |
|---------|-------------------|-----|
| RR | **SEC Financial Reporting Release No. 13** dated August 19, 1983 | p.32 n.9; ¶ 82 |
| SS | **Interagency Policy on Classification of Assets** (available at http://www.fdic.gov/news/news/financial/2004/fil7004a.html) | |

///

The Court should take judicial notice of SEC Financial Reporting Release No.
13 under the incorporation by reference doctrine.  *See In re Silicon Graphics Sec.
Litig.*, 183 F.3d at 986 (applying the incorporation by reference doctrine).  Indeed,
in its order granting defendants' motion to dismiss plaintiffs' previous complaint,
the Court recognized that it "may consider documents that are referenced in the
complaint under the 'incorporation by reference' doctrine."  MTD Order at 23
(citations omitted).

The Court may also take judicial notice of the SEC Financial Reporting
Release No. 13 and the Interagency Policy on Classification of Assets as matters of
public record.  As this Court noted in the MTD Order, "[a] court may take judicial
notice of 'matters of public record' without converting a motion to dismiss into a
motion for summary judgment as long as the facts noticed are not 'subject to
reasonable dispute.'"  MTD Order at 28 (in granting defendants' request for
judicial notice of GAAP and FDIC reporting requirements) (internal citations
omitted).

## VII.  GAAP & FDIC REPORTING REQUIREMENTS

Defendants request that the Court take judicial notice of GAAP
pronouncements and FDIC reporting requirements:

(a) The Financial Accounting Standards Board ("FASB") pronouncement
    entitled Disclosures about the Credit Quality of Financing Receivables
    and the Allowance for Credit Losses, FASB ASU 2010-20 (July 2010)
    (amending ASC Topic 310) ("FASB ASU 2010-20"), which is available
    at http://www.fasb.org/cs/BlobServer?blobcol= urldata&blobtable=
    MungoBlobs&blobkey=id&blobwhere=1175821014426&blobheader=ap
    plication/pdf.

///

///

(b) The fact that FASB ASU 2010-20 was a new GAAP pronouncement, which took effect in 2010, and which required that banks comply with expanded disclosure rules.

(c) Instructions for Preparation of Consolidated Reports of Condition and Income (FFIEC 031 & 041) (March 2011), available at http://www.ffiec.gov /PDF/FFIEC_forms/ FFIEC031_041_200503_i.pdf.

| Exhibit | Reporting Release |
|---------|-------------------|
| **TT** | **FASB ASC 310-40-15-5** |

In response to Defendants May 2011 Request for Judicial Notice, the Court held that the existence and contents of the GAAP pronouncements and FDIC reporting requirements, as matters of public record, were judicially noticeable. MTD Order at 28-29.  In doing so, this Court explained, "[d]efendants merely ask the court to take the notice of the fact that the FASB Pronouncement purported to enact 'expanded disclosure rules.'  The document itself indicates this is the case. Given that the pronouncement is a public record of a government agency, the court can take judicial notice of its contents."  *Id.* at 29-30 (internal quotations and citations omitted).

## VIII.  FDIC UNIFORM BANK PERFORMANCE REPORT

Defendants request that the Court take judicial notice of:

(a)     The fact that the FDIC Uniform Bank Performance Report ("UBPR") for CVB is publicly available on the website of the Federal Financial Institutions Examination Council, https://cdr.ffiec.gov/public/ManageFacsimiles.aspx.

In its order granting defendants' motion to dismiss plaintiff's previous complaint, the Court took judicial notice of the UBPR.  MTD Order at 30 ("Plaintiffs do not object to the court's consideration of this [document], and as it is a matter of public record, the court deems it proper subject of judicial notice.")

1   (citation omitted).

2   IX.   **<u>MISCELLANEOUS</u>**

3        Defendants further request that the Court take judicial notice of:

4        (a)     The absence of any financial statement restatement filed by CVB

5                during or after the putative class period.

6        The Court may consider the absence of restatements because their absence

7   *tends* to negate any inference of scienter.  *See McCasland* v. *FormFactor, Inc.*,

8   2008 WL 2951275 (N.D. Cal. July 25, 2008) (dismissing complaint and noting that

9   the absence of restatement tends to render plaintiff's theory of fraud implausible)

10  (cited favorably by Plaintiff in Opp. at 15)).  Notably, the FAC does not contend

11  that CVB filed any financial restatements.  Moreover, the Court previously

12  judicially noticed the fact that CVB did not file any financial restatement relevant

13  to the putative class period.  MTD Order at 30-31.

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28

---

## <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request that the Court take judicial notice of the foregoing.

DATED:  March 26, 2012                    Respectfully submitted,


By:   /s/  Scott Vick

VICK LAW GROUP, APC
   Scott Vick (No. 171944)
   Jason T. Riddick (No. 235980)
   Rachelle S. Torres (No. 243392)
   Lital Gilboa (No. 263372)

WACHTELL, LIPTON, ROSEN & KATZ
   David M. Murphy (*pro hac vice*)
   Warren R. Stern (*pro hac vice*)
   Wayne M. Carlin (*pro hac vice*)
   Jeffrey D. Hoschander (*pro hac vice*)

Attorneys for Defendants
CVB FINANCIAL CORP., CHRISTOPHER D. MYERS AND EDWARD J. BIEBRICH, JR.