BERNSTEIN LITOWITZ BERGER
 & GROSSMANN LLP
BLAIR A. NICHOLAS (Bar No. 178428)
blairn@blbglaw.com
TIMOTHY A. DELANGE (Bar No. 190768)
timothyd@blbglaw.com
NIKI L. MENDOZA (Bar No. 214646)
nikim@blbglaw.com
12481 High Bluff Drive, Suite 300
San Diego, California 92130
Telephone: (858) 793-0070
Facsimile: (858) 793-0323
        -and-
GERALD H. SILK
(jerry@blbglaw.com)
1251 Avenue of the Americas
New York, NY 10020
Tel:  (212) 554-1400
Fax:  (212) 554-1444

*Counsel for Lead Plaintiff Jacksonville Police & Fire Pension Fund and Lead Counsel for the Class*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| BARRY R. LLOYD, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CVB FINANCIAL CORP., et al.,<br><br>Defendants. | Case No.  CV 10-06256 CAS<br><br><u>CLASS ACTION</u><br><br>**JOINT RULE 26(f) REPORT** |

Lead Plaintiff Jacksonville Police & Fire Pension Fund ("Jacksonville P&F" or "Lead Plaintiff"), and Defendants CVB Financial Corp. ("CVB" or the "Company"), Christopher D. Myers ("Myers"), and Edward J. Biebrich, Jr. ("Biebrich") (collectively, "Defendants" and, together with Lead Plaintiff, the "Parties") submit this Joint Report to the Court regarding the Rule 26(f) conference that counsel for the Parties conducted via telephone on July 1, 2016, at 9:00 a.m. PT. The Parties conferred on a discovery plan and discussed the topics set forth in Federal Rule of Civil Procedure 26(f) and the Local Rules of the Court, and the topics set forth in the Court's May 23, 2016 Civil Minutes [ECF No. 106]. The Parties' respective positions regarding each topic are set forth in more detail below.

I. **STATEMENT OF THE CASE**

Lead Plaintiff, individually and on behalf of a putative class of investors who purchased CVB common stock between March 4, 2010, and August 9, 2010, inclusively (the "Class Period"), and were allegedly damaged thereby, asserts claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t(a) and U.S. Securities and Exchange Commission ("SEC") Rule 10b-5, 17 C.F.R. § 240.10b-5 ("Rule 10b-5"). Lead Plaintiff alleges that Defendants made false statements and/or omissions in CVB's March 4, 2010, and May 10, 2010 SEC filings that CVB was "not aware of any other loans [as of December 31, 2009, or March 10, 2010, respectively] for which known credit problems of the borrower would cause serious doubts as to the ability of such borrowers to comply with their loan repayment terms."[1] Lead Plaintiff further alleges that, when the truth became

---

[1] The class period defined herein of March 4, 2010, through August 9, 2010, inclusive, and the extent of the alleged statements and/or omissions stated herein, are a result of the claims sustained by the Ninth Circuit in its February 1, 2016 opinion.

known, the price of CVB common stock declined, and investors suffered substantial losses.

Defendants deny the allegations against them, and submit that they made no actionable false statements or omissions, lacked the requisite scienter, and did not cause the alleged losses. Defendants maintain that none of the statements at issue were false when made and that any purported omissions by Defendants did not render their statements misleading. Defendants contend that the price of CVB common stock declined for reasons other than the revelation of any prior false or misleading statement.

## II. SUBJECT MATTER JURISDICTION

The Court has subject matter jurisdiction pursuant to Sections 10(b), 20(a), and 27 of the Exchange Act and Rule 10b-5; and 28 U.S.C. § 1331.

## III. LEGAL ISSUES

The principal legal issues presently disputed by the Parties are as follows:

1. Whether Defendants violated Section 10(b) of the Exchange Act;

2. Whether Defendants Myers and Biebrich violated Section 20(a) of the Exchange Act;

3. Whether statements made by Defendants to the investing public during the Class Period were materially false or misleading;

4. Whether Defendants' allegedly materially false and misleading statements and omissions were made with the requisite scienter;

5. Whether the damages allegedly suffered by Lead Plaintiff and the members of the Class were the result of Defendants' alleged misstatements and omissions; and

6. Whether this action can be certified as a class action and the composition of the class.

## IV. PARTIES, EVIDENCE, ETC.

### A. Parties

#### 1. Lead Plaintiff

Lead Plaintiff Jacksonville Police & Fire Pension Fund.

#### 2. Defendants

##### a) Entity Defendant

CVB Financial Corp.

##### b) Individual Defendants

Christopher D. Myers and Edward J. Biebrich, Jr.

### B. Percipient Witnesses

The Parties anticipate, at this stage of the proceedings, and subject to the factual record developed through discovery, that the following may be potential percipient witnesses in this action. The Parties do not agree, and expressly reserve their rights, regarding their arguments that testimony from any of the listed potential percipient witnesses is irrelevant, inadmissible, or objectionable for any other reason.

(1) Defendants CVB, Myers and Biebrich;

(2) Current and former CVB executives and employees;

(3) Current and former executives and employees of Garrett[2];

(4) Outside professionals for Garrett, including without limitation its accounting firms and appraisers;

(5) Representatives of other banks and financial institutions that provided loans to Garrett;

(6) CVB's outside auditors (KPMG);

---

[2] "Garrett," as defined in the operative Complaint, and unless otherwise indicated, refers to Paul Garrett, The Garrett Group LLC, and all of its related or owned entities.

      (7)    CVB's regulators, including the FDIC and the California Department of Financial Institutions;

      (8)    Securities analysts who evaluated CVB stock; and

      (9)    A securities blogger and certain individuals / entities that appear to have engaged in coordinated short-selling of CVB stock; and

      (10)    Representatives of Jacksonville Police & Fire Pension Fund and its investment advisors, if any.

### C.    Key Documents

The Parties anticipate, at this stage of the proceedings, and subject to the factual record developed during discovery, that the potential key categories of documents in this action include:  (1) loan files on loans and modifications involving Garrett related entities;  (2) documents and communications concerning Garrett's financial condition, credit problems, and ability or inability to comply with its loan repayment terms prior to, during, and after the Class Period; (3) documents and communications concerning information, documents, and data available or provided to Defendants concerning Garrett's financial condition, credit problems, and ability or inability to comply with its loan repayment terms prior to, during, and after the Class Period; (4) documents and communications with, and documents provided to, government and other regulators, including relating to Garrett loans, or the SEC subpoena;[3] (5) documents and communications regarding Defendants' decision to disclose, among other things,

---

[3] Defendants dispute Plaintiff's contention that it is entitled to documents produced by CVB to the SEC.  The SEC's investigation (which resulted in no charges) was far broader than this action, and involved the review of many hundreds of thousands of documents.  Many of those documents are not relevant to this action.  Moreover, the SEC's power to demand documents from an issuer like CVB is far broader than the rights of a plaintiff in a civil lawsuit.  Lastly, unlike discovery in civil actions, an issuer like CVB can assert very few objections (essentially, only privilege) to any document request or subpoena issued by the SEC.

receipt of the SEC subpoena, and that Garrett was not current on its obligations; (6) Defendants' statements regarding the subjects set forth above; (7) documents concerning Lead Plaintiff's purchases of CVB common stock, including documents regarding Lead Plaintiff's decision to purchase, hold, or sell CVB common stock; (8) documents concerning Myers' and Biebrich's holdings and/or sales of CVB common stock and concerning Myers' entering into a 10b5-1 trading plan; and (9) documents concerning the preparation, review and audit of CVB's financial statements issued during the Class Period.

Defendants dispute whether some or all of the categories of documents listed above will be "key documents" in the case, and specifically dispute whether documents related to Defendants Myers' and Biebrich's holdings and/or sales of CVB common stock and concerning Myers' entering into a 10b5-1 trading plan are key documents. Defendants assert that claims related to Defendants Myers' and Biebrich's transactions and Myers' 10b5-1 trading plan are no longer at issue in the case.

Lead Plaintiff responds that the facts related to Defendants Myers' and Biebrich's transactions in CVB common stock and Myers' entry into a 10b5-1 trading plan are relevant to Defendants' scienter, including, for example, Myers' and Biebrich's sales of 13,000 shares and 30,000 shares, respectively, within a month after the January 2010 meeting with Garrett, and Myers' sale of 5,500 shares after CVB received the SEC subpoena, but before CVB announced receipt of the subpoena to the public.

The Parties dispute whether the Ninth Circuit's February 1, 2016 opinion precludes discovery related to, and admission of, such evidence in support of Defendants' alleged scienter.

## V. DAMAGES

The recoverable damages in this putative class action will be subject to expert analysis and testimony following the close of fact discovery. At this stage, a realistic range of provable damages is not readily determinable.

## VI. INSURANCE

Defendants represent that coverage is available to Defendants for some of the claims and damages at issue under CVB's primary and excess directors' and officers' insurance policies, which have an aggregate limit of $25 million (minus costs expended in the SEC investigation and this action), and an excess/DIC Side A policy, which provides $10 million in coverage for certain claims (but which Defendants assert does not provide coverage in this case).

## VII. MOTIONS

There are no motions currently pending. The Parties anticipate that Lead Plaintiff will file a motion for class certification, which Defendants may or may not oppose. Additionally, each Party anticipates filing motions for summary judgment. The Parties do not presently anticipate that additional parties and claims will be added and do not intend to file motions to transfer venue. The Parties' proposed deadlines for the aforementioned motions are set forth below in Section XIX of this report.

## VIII. MANUAL FOR COMPLEX LITIGATION

The Parties agree that, given the nature of the claims at issue, the provisions set forth in the *Manual for Complex Litigation* (the "Manual") may be instructive during the course of the case. Should the need arise, the Parties agree to meet and confer as necessary to discuss whether complex issues, difficult legal questions or unusual proof problems require use of specific procedures set forth in the Manual.

## IX. STATUS OF DISCOVERY

In accordance with Fed. R. Civ. P. 26(d) and the Private Securities Litigation Reform Act of 1995 ("PSLRA"), discovery in this action commenced

on July 1, 2016, following (i) the Ninth Circuit's February 1, 2016 opinion reversing in part the district court opinion of the Honorable Margaret M. Morrow (Ret.); (ii) this Court's May 23, 2016 Status Conference; and (iii) the Parties' Rule 26(f) conference.

Pursuant to the Court's May 31, 2016 Order, the Parties exchanged Initial Disclosures on July 1, 2016. Defendants filed their Answers to the Plaintiff's operative Second Amended Complaint on July 5, 2016 [ECF No. 110].

## X. DISCOVERY PLAN

### A. Anticipated Deponents

Lead Plaintiff's Statement: Discovery has only recently commenced and Defendants have not yet begun to produce documents. Accordingly, Lead Plaintiff is unable to identify all current and former CVB and Garrett officers, directors, employees, agents, subcontractors, suppliers, and other persons or entities likely to have discoverable information relevant to the claims and defenses in this litigation. At this stage, Lead Plaintiff anticipates depositions commencing in advance of, or shortly after, Defendants and Garrett have substantially completed their document productions. Such fact depositions will include Defendants Myers and Biebrich; representative corporate witnesses pursuant to Rule 30(b)(6); current and former CVB or Garrett officers, directors, employees, agents, subcontractors, suppliers, and auditors; CVB borrowers; Garrett lenders or creditors; governmental authorities; analysts; and other percipient fact witnesses. Moreover, in connection with class certification, Lead Plaintiff expects to depose any expert that provides testimony in support of Defendants' potential opposition to class certification and may depose securities analysts, industry analysts and experts, regulators, and/or institutional investors on class certification related issues, such as falsity and materiality.

Defendants' Statement: At this stage of the litigation, Defendants anticipate that, in addition to the witnesses identified by Lead Plaintiff above, they will also

take the depositions of Lead Plaintiff's representatives and investment advisors, Garrett's outside accountants and appraisers; numerous securities analysts that reported on CVB stock; a securities blogger and an associated group of short sellers; other banks and financial institutions that loaned money to other Garrett entities, former representatives of Lehman Brothers and other investors with whom Garrett discussed potential investments; as well as any expert(s) relied upon by Lead Plaintiff in support of its motion for class certification.

### B. Anticipated Written Discovery

The Parties each anticipate serving interrogatories, requests for production of documents, and requests for admission to elicit information and testimony relevant to the core issues underling Lead Plaintiff's Exchange Act claims and Defendants' affirmative defenses, including the alleged material misrepresentations or omissions of fact, scienter, and loss causation. The Parties also anticipate serving subpoenas on third-parties including, but not limited to, Garrett officers, directors, employees, agents, subcontractors, suppliers, creditors, lenders, and auditors.

### C. Changes In Rule 26(a) Disclosures

The Parties do not contemplate any changes in the content of the Rule 26(a) disclosures. Pursuant to the Court's May 31, 2016 Order, the Parties exchanged initial disclosures on July 1, 2016.

### D. Subjects On Which Discovery May Be Needed

Lead Plaintiff's Statement: Lead Plaintiff anticipates that discovery relevant to the claims and defenses in this action will focus on the core issues underlying Lead Plaintiff's Exchange Act claims and Defendants' affirmative defenses thereto. For example, such discovery will include the falsity of Defendants' statements concerning that there were no known credit problems of CVB's borrowers that would cause serious doubts as to the ability of such borrowers to comply with their loan repayment terms. *See Lloyd v. CVB Fin. Corp.*, 811 F.3d

1200 (9th Cir. 2016) (vacating dismissal of claims based on false statements of "no serious doubts" in the March 4, 2010 10-K and May 10, 2010 10-Q). Moreover, discovery will cover the events leading to and following the issuance of the SEC subpoena, and Defendants' disclosure thereof. Finally, it is anticipated that discovery will also relate to Defendants Myers and Biebrich, against whom control person claims are alleged, and also relating to their transactions in CVB common stock prior to and during the Class Period.

<u>Defendants' Statement</u>: Defendants currently believe that discovery may be needed in the following additional areas: (a) Garrett's financial condition and the veracity of its representations to CVB, as well as the appraised values of its numerous properties, in addition to representations Garrett related entities made to other lenders regarding Garrett's financial condition; (b) auditing and examination by CVB's outside auditor, the FDIC, and the California Department of Financial Institutions, among others, into CVB's credit relationship with Garrett; (c) the representations and statements made by a securities blogger and trading by potentially related short sellers; (d) evaluation and reporting of numerous securities analysts that followed and evaluated CVB stock; (e) Lead Plaintiff's investment in, and ownership of, CVB common stock; (f) class certification, including, but not limited to, the class certification requirements set forth in the Federal Rules of Civil Procedure; and (g) expert discovery related to both class certification, loss causation, and damages.

The Parties do not agree on all of the categories of discovery listed above. Should the need arise, the Parties will meet and confer as necessary to discuss the scope of discovery, including the relevant time period and relevant persons and business entities in possession of discoverable information.

### E. **Whether Discovery Should Be Conducted In Phases**

The Parties agree that discovery should not be conducted in phases.

## F. Electronically Stored Information

The Parties have agreed to produce electronically stored information in a "reasonably usable format" as provided for in the Federal Rules of Civil Procedure. The parties will produce documents in the following format, subject to any required modification for certain documents types: Group IV single page .tif or pdf format, 300 dpi, with a Concordance load file for data and an Opticon load file for images. If available, basic bibliographic metadata fields (including FIRSTBATES, LASTBATES, BEGATTACH, ENDATTACH, PAGES, CUSTODIAN, FROM, TO, CC, BCC, SUBJECT, DATESENT, TIMESENT, FILENAME, FILE_EXTEN, FILE_SIZE, DATE_MOD, FILEPATH, DOCLINK) will be extracted and provided in a .dat file. Text will be extracted at the document level, and provided in the same folder as the tiff images. Each text file name will match the first image file name for each document. Spreadsheets shall be produced as native files with a link to the NativeFile field, along with extracted text (for extracted text, the producing party may need to unhide all rows and columns depending on what method is being used to extract text).

## G. Whether The Court Should Enter Other Orders

The Parties are in the process of preparing a proposed Stipulated Protective Order regarding confidentiality. The Parties will submit this document for the Court's consideration and approval. No other orders are required at this time.

## XI. PRIVILEGE ISSUES

Because this case involves loans and banking relationships, and regulatory examination of the bank, privilege issues (including the federal bank examination privilege and banking privacy laws) may come into play during the course of discovery. The Parties anticipate working through these issues cooperatively, but will bring any unresolved issue to the Court's attention after meeting and conferring with respect to any disagreements.

## XII. DISCOVERY CUT-OFF

The Parties' proposed fact discovery deadlines are set forth below in Section XIX.

## XIII. EXPERT DISCOVERY

The Parties' proposed expert discovery deadlines are set forth below in Section XIX.

The Parties agree that there should be no limitation with respect to the number of expert witness depositions the Parties can take, provided, no expert may be deposed more than once, without leave from the Court or agreement among the Parties.

## XIV. DISPOSITIVE MOTIONS

No dispositive motions are currently pending. The Parties anticipate bringing respective motions for partial or full summary judgment. Presently, the Parties are unaware of any claims or defenses that may be determined by motions *in limine*.

The Parties' proposed briefing schedule for dispositive motions is set forth below in Section XIX.

## XV. SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION (ADR)

The Parties have met directly through counsel to discuss potential settlement. No settlement has been reached. Pursuant to Local Rule 16-15.4, the Parties have agreed upon Settlement Procedure No. 3 (*i.e.,* the Parties will participate in a non-judicial dispute resolution proceeding by retaining a private mediator) and engaging in mediation no later than 45 days before the Final Pretrial Conference. The Parties are scheduled for a mediation before the Honorable Layn R. Phillips (Fmr.) on July 28, 2016.

## XVI. TRIAL ESTIMATE

The Parties have requested a jury trial and they estimate that trial should take approximately 7-10 days. Lead Plaintiff estimates that it will call 10-15

witnesses at trial, including experts. Defendants estimate calling an additional 10-15 witnesses at trial, including experts, for a total of between 20-30 witnesses.

## XVII. TRIAL COUNSEL

**Lead Plaintiff:** Timothy A. DeLange and Niki L. Mendoza of Bernstein Litowitz Berger & Grossmann LLP will try the case for Plaintiffs.

**Defendants:**

David M. Murphy of Wachtell Lipton Rosen & Katz and Scott Vick of Vick Law Group, APC will try the case for Defendants.

## XVIII. INDEPENDENT EXPERT OR MASTER

The Parties agree that the Court should not appoint a discovery master pursuant to Fed. R. Civ. P. 53 or an independent scientific expert. The Parties also agree that a Magistrate Judge assigned to this case may hear discovery disputes.

## XIX. TIMETABLE

The below table is a summary of the relevant dates proposed by the Parties, jointly where agreement was reached. Where the Parties disagree on the proposed dates, the Parties' respective proposals are stated. In general, Lead Plaintiff proposes a shorter discovery period and a sooner trial date. The Ninth Circuit's February 1, 2016 Opinion simplified the case to two false statements, and Lead Plaintiff proposes that discovery can be completed within six months, and that the trial date should be set for May 8, 2017. This case involves facts occurring six years ago in 2010, and witnesses' memories fade and availability of witnesses decreases.

Defendants propose a longer timetable, with discovery occurring for approximately one year, ending on July 1, 2017, and trial for October 30, 2017.

\\
\\

| Event | Lead Plaintiff's Proposal | Defendants' Proposal |
|---|---|---|
| **Commencement of Discovery** | July 1, 2016 | |
| **Initial Disclosures Exchanged** | July 1, 2016 | |
| **Last Date By Which Parties And Claims For Relief May Be Added** | Sept. 9, 2016 | Oct. 24, 2016 |
| **Class Certification Motion** | Sept. 9, 2016 | Dec. 19, 2016 |
| **Class Certification Opposition** | 30 days after motion filed | |
| **Class Certification Reply** | 30 days after opposition filed | |
| **Date For Substantial Completion Of Document Productions** | Sept. 30, 2016 | [No date proposed] |
| **Fact Discovery Cut-Off** | Dec. 23, 2017 | July 10, 2017 |
| **Initial Expert Reports** | Jan. 6, 2017 | July 17, 2017 |
| **Rebuttal Expert Reports** | Jan. 20, 2017 | July 31, 2017 |
| **Expert Discovery Cut-Off** | Feb. 3, 2017 | Aug. 14, 2017 |
| **Last Date To File Any Motion** | Feb. 10, 2017 | Aug. 21, 2017 |
| **Opposition** | 30 days after motion filed | |
| **Reply** | 30 days after motion filed | |
| **Memo of Contentions of Fact & Law, Exhibit & Witness Lists, Status Report re Settlement, Motions in Limine** | April 17, 2017 | Sept. 11, 2017 |
| **Pretrial Conference Order, Jury Instructions, Verdict Forms, Oppositions to Motions in Limine** | April 24, 2017 | Oct. 9, 2017 |
| **Trial Date** | May 8, 2017 | Oct. 30, 2017 |

## XX. OTHER ISSUES

The Parties agree to service by email for any counsel who has made an appearance in this action on their behalf.

The Parties are not aware of any other issues affecting the status or management of the case at this time. The Parties do not anticipate any need for severance, bifurcation or other ordering of proof.

Dated: July 13, 2016                              Respectfully submitted,

BERNSTEIN LITOWITZ BERGER
  & GROSSMANN LLP


*/s/ Timothy A. DeLange*
TIMOTHY A. DELANGE

Blair A. Nicholas (Bar No. 178428)
blairn@blbglaw.com
Timothy A. DeLange (Bar No. 190768)
timothyd@blbglaw.com
Niki L. Mendoza (Bar No. 214646)
nikim@blbglaw.com
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Telephone: (858) 793-0070
Facsimile: (858) 793-0323
-and-
Gerald H. Silk
jerry@blbglaw.com
Avi Josefson
avi@blbglaw.com
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444

*Counsel for Lead Plaintiff Jacksonville Police & Fire Pension Fund and Lead Counsel for the Class*


VICK LAW GROUP, APC


*/s/ Scott Vick*
SCOTT VICK
Scott Vick (Bar No. 171944)
scott@vicklawgroup.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

800 West 6th Street, Suite 1220
Los Angeles, CA 90017
Telephone:  (213) 784-6225
Facsimile:   (213) 784-6226
-and-
WACHTELL LIPTON ROSEN & KATZ
David M. Murphy *(pro hac vice)*
DMMurphy@wlrk.com
51 West 52nd Street
New York, NY 10019
Telephone:  (212) 403-1272
Facsimile:   (212) 403-2272

*Attorneys for Defendants CVB Financial Corp., Christopher D. Myers, and Edward J. Biebrich, Jr.*

## **SIGNATURE ATTESTATION**

I certify that I obtained concurrence in the filing of this document from all parties whose electronic signatures appear above.

*/s/ Timothy A. DeLange*
TIMOTHY A. DELANGE