JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| BARRY R. LLOYD, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CVB FINANCIAL CORP., et al.,<br><br>Defendants. | Case No.: CV 10-06256-CAS<br><br>CLASS ACTION<br><br>**[PROPOSED] JUDGMENT APPROVING CLASS ACTION SETTLEMENT** |

WHEREAS, a consolidated class action is pending in this Court entitled *Lloyd v. CVB Financial Corp.,* Case No. 10-cv-06256 (the "Action");

WHEREAS, (a) Lead Plaintiff Jacksonville Police & Fire Pension Fund ("Lead Plaintiff"), on behalf of itself and the Settlement Class (defined below); and (b) defendant CVB Financial Corp. ("CVB" or the "Company"), and defendants Christopher D. Myers and Edward J. Biebrich, Jr. (the "Individual Defendants"; with CVB, "Defendants"; together with Lead Plaintiff, the "Parties"), have determined to settle claims asserted against Defendants in this Action with prejudice on the terms and conditions set forth in

the Stipulation And Agreement Of Settlement (the "Stipulation") that provides for a dismissal with prejudice of claims asserted against Defendants in the Action on the terms and conditions set forth in the Stipulation, subject to approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

WHEREAS, by Order dated December 5, 2016 (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) certified the Settlement Class solely for purposes of effectuating the Settlement; (c) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; (d) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (e) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on March 13, 2017 (the "Settlement Hearing" or "Fairness Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. **<u>Jurisdiction</u>** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2. **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court; and (b) the Notice and the Summary Notice, both of which were filed with the Court.

3. **Class Certification for Settlement Purposes** – The Court hereby affirms its determinations in the Preliminary Approval Order certifying, for the purposes of the Settlement only, the Action as a class action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class consisting of all persons and entities who purchased or otherwise acquired the common stock of CVB between March 4, 2010, and August 9, 2010, inclusive (the "Settlement Class Period"), and were damaged thereby. Excluded from the Settlement Class are Defendants; the officers and directors of CVB during the Settlement Class Period (the "Excluded Officers and Directors"); members of the Immediate Family of each of the Individual Defendants and of the Excluded Officers and Directors; any entity in which any Defendant, any Excluded Officer and Director, or any of their respective Immediate Family had during the Settlement Class Period and/or has a controlling interest; Defendants' liability insurance carriers; any affiliates, parents or subsidiaries of CVB; all CVB plans that are covered by ERISA; and the legal representatives, heirs, agents, affiliates, successors-in-interest or assigns of any excluded person or entity, in their respective capacity as such. Also excluded from the Settlement Class are the persons and entities listed on Exhibit 1 hereto who or which are excluded from the Settlement Class pursuant to request.

4. **Adequacy of Representation** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of the Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order certifying Lead Plaintiff as Class Representative for the Settlement Class and appointing Lead Counsel as Class Counsel for the Settlement Class. Lead Plaintiff and Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes

[PROPOSED] JUDGMENT
CASE NO. CV 10-06256-CAS
-2-

of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5. **Notice** – The Court finds that the dissemination of the Notice and the publication of the Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses; (v) their right to exclude themselves from the Settlement Class; and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.

6. **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Settlement Class. The Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

7. The Action and claims asserted against Defendants in the Action by Lead Plaintiff and the other Settlement Class Members are hereby dismissed with prejudice

as set forth in the Stipulation. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

8.   **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiff and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such. The persons and entities listed on Exhibit 1 hereto are excluded from the Settlement Class pursuant to request and are not bound by the terms of the Stipulation or this Judgment.

9.   **Releases** – The Releases set forth in paragraphs 5 and 6 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a)   Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiffs' Claim against the Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees. This Release shall not apply to any of the Excluded Claims (as that term is defined in the Stipulation).

(b)   Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves,

and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim against Lead Plaintiff and the other Plaintiffs' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees. This Release shall not apply to any person or entity listed on Exhibit 1 hereto.

10. Notwithstanding paragraphs 9(a) – (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

11. **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the initiation, prosecution, defense, and settlement of the Action.

12. **No Admissions** – Neither this Judgment, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith);

(a) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other

1 wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to 2 for any other reason as against any of the Defendants' Releasees, in any civil, criminal 3 or administrative action or proceeding, other than such proceedings as may be 4 necessary to effectuate the provisions of the Stipulation;

5 (b) shall be offered against any of the Plaintiffs' Releasees, as evidence 6 of, or construed as, or deemed to be evidence of any presumption, concession or 7 admission by any of the Plaintiffs' Releasees that any of their claims are without merit, 8 that any of the Defendants' Releasees had meritorious defenses, or that damages 9 recoverable under the Complaint would not have exceeded the Settlement Amount or 10 with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way 11 referred to for any other reason as against any of the Plaintiffs' Releasees, in any civil, 12 criminal or administrative action or proceeding, other than such proceedings as may be 13 necessary to effectuate the provisions of the Stipulation; or

14 (c) shall be construed against any of the Releasees as an admission, 15 concession, or presumption that the consideration to be given hereunder represents the 16 amount which could be or would have been recovered after trial;

17 *provided, however*, that the Parties and the Releasees and their respective counsel may 18 refer to this Judgment and the Stipulation to effectuate the protections from liability 19 granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

20 13. **Retention of Jurisdiction** – Without affecting the finality of this 21 Judgment in any way, the Court retains continuing and exclusive jurisdiction over: (a) 22 the Parties for purposes of the administration, interpretation, implementation and 23 enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any 24 motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in 25 the Action that will be paid from the Settlement Fund; (d) any motion to approve the 26 Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the 27 Settlement Class Members for all matters relating to the Action.

28

14. Separate orders shall be entered regarding approval of a plan of allocation and the motion of Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

15. **Modification of the Agreement of Settlement** – Without further approval from the Court, Lead Plaintiff and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, Lead Plaintiff and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

16. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiff, the other Settlement Class Members and Defendants, and the Parties shall revert to their respective positions in the Action as of September 28, 2016, as provided in the Stipulation.

17. **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

IT IS SO ORDERED.

Dated: March 13, 2017

*Christina A. Snyder*

___
CHRISTINA A. SNYDER
United States District Judge

# **EXHIBIT 1**

## **LIST OF EXCLUSION REQUESTS**

1. Robert L. Marchesi, Donna M. Machesi TR UA 27-JUNE-01 Marchesi Family Trust

2. Sally M. Ramer

3. Janet Immekus and Larry Immekus