UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| BARRY R. LLOYD, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CVB FINANCIAL CORP., et al.,<br><br>Defendants. | Case No. 10-cv-06256-CAS (PJWx)<br><br><u>CLASS ACTION</u><br><br>**[PROPOSED] ORDER AWARDING ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**<br><br>Judge: Hon. Christina A. Snyder<br>Courtroom: 8D<br>Date: March 13, 2017<br>Time: 10:00 a.m. |

This matter came before the Court for hearing on March 13, 2017, to consider, among other things, Lead Counsel's Motion For Award Of Attorneys' Fees And Reimbursement Of Litigation Expenses (ECF No. 130, the "Fee And Expense Motion").[1]  The Court having reviewed and considered all documents, evidence, and arguments related to the Fee And Expense Motion, the Notice having been sent to the Settlement Class and the Summary Notice having been published in the *Investor's Business Daily* and transmitted over the *PR Newswire*, and the Court having considered and determined the reasonableness of the attorneys' fees and Litigation Expenses requested:

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members;

2. Notice of Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses was given to all Settlement Class Members who could be identified with reasonable effort.  The form and method of notifying the Settlement Class of the motion for attorneys' fees and Litigation Expenses met the requirements of Rules 23 and 54 of the Federal Rules of Civil Procedure, Section 12D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, and other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities thereto;

3. Lead Counsel is hereby awarded attorneys' fees in the amount of 25% of the Settlement Amount, or $1,550,000.00, plus interest earned at the same rate and for the same time period as the Settlement Fund, and is hereby reimbursed for Lead Counsel's Litigation Expenses in the amount of $354,041.68, plus interest earned at the

---

[1] All capitalized terms not defined herein have the same meanings set forth and defined in the Stipulation And Agreement Of Settlement (ECF No. 122-1) and the Fee And Expense Motion (ECF No. 130).

same rate and for the same time period as the Settlement Fund, both of which figures the Court finds to be fair and reasonable under the particular circumstances of this case;

4. In making the award to Lead Counsel of reasonable attorneys' fees and Litigation Expenses, the Court has considered and found that:

a. The Settlement has created a $6.2 million common fund for the benefit of the Settlement Class;

b. Notice was disseminated to potential Settlement Class Members stating that Lead Counsel would be moving for attorneys' fees in an amount not to exceed 25% of the Settlement Fund, and for reimbursement of Litigation Expenses in an amount not to exceed $500,000.00;

c. There was no objections to the requested attorneys' fees or Litigation Expenses;

d. Plaintiff's Counsel have expended substantial time and effort pursuing the Action on behalf of the Settlement Class;

e. The Action involved complex factual and legal issues and, in the absence of settlement, would involve additional lengthy proceedings whose resolution would be uncertain;

f. Plaintiff's Counsel pursued the Action on a contingent basis, and received no compensation during the Action's pendency;

g. Plaintiff's Counsel conducted the Action and achieved the Settlement with skillful and diligent advocacy;

h. Public policy considerations favor the award of reasonable attorneys' fees in securities class action litigation;

i. The amount of attorneys' fees awarded is fair, reasonable and consistent with awards in similar cases; and

j. The awarded fee is further supported by a lodestar cross-check, resulting in a negative multiplier of Plaintiffs' Counsel's lodestar.

5. The attorneys' fees and Litigation Expenses described above are to be paid according to the terms, conditions, and obligations of the Stipulation, which this Order hereby incorporates by reference;

6. Pursuant to Paragraph 16 of the Stipulation, the attorneys' fees and Litigation Expenses awarded above shall be paid to Lead Counsel immediately upon entry of this Order, notwithstanding any appeal therefrom, on the terms set forth in the Stipulation;

7. Any appeal or any challenge affecting any aspect of this Order shall in no way disturb or affect the finality of the Judgment entered with respect to the Settlement;

8. This Court retains exclusive jurisdiction over the subject matter of this Action and over all parties to the Action, including jurisdiction over the administration and distribution of the Net Settlement Fund to Settlement Class Members;

9. In the event that the Settlement is terminated or does not become Final or the Effective Date does not occur in accordance with the terms of the Stipulation, this order shall be rendered null and void to the extent provided by the Stipulation and shall be vacated in accordance with the Stipulation;

10. There is no just reason for delay in the entry of this Order, and immediate entry of this Order by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated: March 13, 2017

*Christine A. Snyder*

CHRISTINE A. SNYDER
United Stated District Judge